## HILL v. THE STATE.

1. The court's charge upon the subject of manslaughter is not open to the criticism made upon it, when read in connection with the immediate context.

2. The court charged the jury as follows: "A provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury shall in all cases be the judges, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." Under the evidence in the case this was a proper charge; there was evidence to authorize it, and it was not "inapplicable to the facts of the case." Nor did the charge preclude the jury, as movant contends, from "considering the defendant's testimony in this respect." Nor did it preclude the jury "from basing the verdict on reasonable fears." In this portion of the charge the court was instructing the jury upon the subject of voluntary manslaughter. In a subsequent part of the charge the jury were duly instructed upon the subject of a homicide committed by one acting under the influence of the fears of a reasonable man, where the court used the following language: "If you should find he did so [killed the deceased] in self-defense, in defense of his person against Westberry, and that at the time Westberry was intending or endeavoring by violence or surprise to commit a felony upon him, or that the circumstances were sufficient to justify the fears of a reasonable man that such was the case, in either case he would not be guilty of murder, but under such circumstances would be justifiable, and the jury would be authorized and it would be proper for them to find the defendant not guilty, if they find that at the time of the alleged killing, if you find that the defendant killed the deceased, that he was acting under circumstances of justification, that he was acting in self-defense, or that he was acting under the fears of a reasonable man."

3. It was proper for the court, under the evidence in the case, to define felony, and the following definition given in the charge is substantially correct: "A felony is something that is itself punishable by death or by imprisonment in the penitentiary. It is more than a misdemeanor. It is a greater and more serious offense than a misdemeanor, which is punishable by penalties less than either death or imprisonment in the penitentiary."

4. The charge of the court upon the subject of mutual combat was authorized by the evidence, and is not open to the criticism that it was not

Criminal Law, 16 C. J. p. 56, n. 69; p. 1049, n. 82; p. 1050, n. 84; p. 1063, n. 85.

Homicide, 29 C. J. p. 1083, n. 39; p. 1084, n. 46; p. 1086, n. 49; p. 1128, n. 12; p. 1138, n. 19; 30 C. J. p. 336, n. 70; p. 345, n. 73; p. 368, n. 23; p. 370, n. 30; p. 371, n. 34; p. 376, n. 66; p. 383, n. 5; p. 389, n. 51; p. 408, n. 30; p. 412, n. 58.

applicable to the facts in the case, or that it omitted the contentions of the defendant, or that it was confusing and calculated to mislead the jury, or that it so stated two separate branches of the law as to justifiable homicide as to confuse them with one another; and it is not, as the movant contends, "argumentative and prejudicial to the defendant in the trial of the case." The charge so excepted to was as follows: "If a killing is the outgrowth of a mutual intent to fight, if bad blood exist between the parties and they come together and mutually and willingly enter into a combat between themselves, then a further rule of law in a case of that kind is as follows: If a person kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing that in order to save his own life the killing of the other was absolutely necessary, and it must appear also that the person killed was the assailant or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given. This provision, however, applies only to cases of mutual combat, where persons mutually engage in a combat, in a fight, where it is entered into by both parties and not by one party only, and is not to be considered by the jury except should they find that the killing in this case, if there was a killing, was the outgrowth of a mutual intent to fight between the parties, unless the jury should find that bad blood existed between them and that they came together and there was a fight entered into mutually between the parties, and that as a result of such mutual intent the deceased was killed by the defendant, if you should so find."

5. The failure of the court to charge the language of section 76 of the Penal Code, as follows: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged," was not error in view of the other portions of the instructions actually given.

6. The other portions of the charge excepted to are manifestly without error, under the evidence in the case and the issues made by the evidence between the State and the accused.

No. 5888.    MAY 6, 1927.

Murder. Before Judge Reed. Wayne superior court. January 22, 1927.

*James R. Thomas & Son,* for plaintiff in error.

*George M. Napier,* attorney-general, *W. B. Gibbs,* solicitor-general, and *T. R. Gress,* assistant attorney-general, contra.

BECK, P. J. John Hill was indicted by the grand jury of Wayne County for the offense of murder. It was charged in the indictment that on the 3rd day of July, 1926, he did unlawfully, feloniously, and wilfully and with malice aforethought murder Dan Westberry by shooting him with a pistol. Upon the trial of the accused under this indictment the jury returned a verdict of guilty, with a recommendation. The accused made a motion for

a new trial containing the usual general grounds, and subsequently filed an amendment to the motion containing special assignments of error, among them being exceptions to the following charges of the court:

"Now, gentlemen of the jury, you understand that the contention of the State in this case is that without fault, such fault as authorized or justified the defendant in doing so, the defendant killed the deceased wilfully and feloniously and without any justification. The State contends that the defendant killed the deceased maliciously. By malice is not meant personal ill-will and hatred, and that is understood by you gentlemen with respect to homicide cases, but is that deliberate intention unlawfully to take away the life of a fellow creature under circumstances where the law will neither justify nor mitigate the taking of such life."

"If you should find that the defendant killed the deceased unlawfully, that he did so maliciously and feloniously and without any sufficient reason or excuse to justify him in doing so under the law, he would be guilty of murder and should be found so by the jury.

"Now further, gentlemen, in this case if you should find that the deceased, Westberry, was killed by the defendant, Hill, should find that he was killed by him unlawfully and not under circumstances of justification, but should find that an assault was made upon the person of the defendant by the deceased, or an attempt made to commit a serious personal injury on the person of the defendant, Hill, by the alleged deceased, Westberry, or that there were other equivalent circumstances at the time sufficient to justify the excitement of passion and as a result of an assault or an attempt to commit a personal injury upon him, or other equivalent circumstances existed, or as the outgrowth of a mutual fight entered into mutually between the parties, each mutually agreeing to enter into such fight, and out of which death resulted, if you find that death did result, then under those circumstances you would be authorized and it would be proper for you to find the defendant guilty of voluntary manslaughter, if you find that the defendant killed the deceased unlawfully and killed him under such circumstances as to bring the case within the rule of manslaughter as given to you in charge."

The court overruled the motion and refused a new trial. Thereupon the plaintiff in error excepted.

1. In the fourth ground of the motion for a new trial error is assigned upon the following charge of the court: "Manslaughter is defined to be the unlawful killing of a human creature without malice, either express or implied, and without any mixture of deliberation whatever; and one of the grades of manslaughter is voluntary manslaughter." This charge is excepted to upon the ground that the court failed to charge the law of voluntary manslaughter as it is contained in section 64 of the Penal Code, and especially in that it omitted that portion of the section which reads, "which may be voluntary, upon a sudden heat of passion." When that part of the charge quoted above is read in connection with the context, it will be seen there is no merit in the exception. Upon the subject of voluntary manslaughter the court charged as follows: "Manslaughter is defined to be the unlawful killing of a human creature, without malice either express or implied, and without any mixture of deliberation whatever; and one of the grades of manslaughter is voluntary manslaughter; and with respect to voluntary manslaughter it is provided that, in order to reduce a killing that would otherwise be murder from murder to voluntary manslaughter, there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury upon the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. A provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for if there should have been an interval between the assault or provocation given and the homicide, of which the jury shall in all cases be the judge, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge, and be punished as murder." From the reading of this part of the court's charge it will be seen that the jury were instructed, in effect, that where the killing is the result of that sudden, violent impulse of passion supposed to be irresistible, this would reduce the killing from murder to voluntary manslaughter, provided there

were circumstances justifying the excitement of passion such as would under the law reduce the killing from the higher to the lower grade of homicide.

2-5. The rulings made in headnotes 2, 3, 4, and 5 require no elaboration.

6. The portions of the charge not specially considered above are set forth in the statement of facts, but the exceptions to them are without merit, and it is not necessary to further discuss them.

<em>Judgment affirmed. All the Justices concur.</em>