## FOUNTAIN *v.* THE STATE.

No. 17155. JULY 11, 1950.

*Emory L. Rowland, Lester F. Watson,* and *R. Earl Camp,* for plaintiff in error.

*Eugene Cook, Attorney-General, W. W. Larsen, Solicitor-General, R. I. Stephens,* and *J. R. Parham, Assistant Attorney-General,* contra.

ALMAND, Justice. Ralph Fountain, under an indictment charging him with the murder of William Hansel Smith by shooting him with a pistol, was tried and found guilty of murder with a recommendation to mercy, and was sentenced to life imprisonment. His motion for a new trial as amended was overruled, and the case is here on exceptions to that ruling.

The court charged the jury a part of Code § 38-107, as follows: "In considering this case, the jury may consider all the facts and circumstances of the case, the witnesses' manner of

testifying, their means and opportunity for knowing the facts to which they testify, their interest or want of interest, their information, and their personal credibility so far as the same may legitimately appear from the trial of the case." Ground 1 of the amended motion complains that this charge was erroneous for the following reasons: (a) because the jury, in considering the evidence and the defendant's statement, should ascertain whether or not the defendant is guilty beyond a reasonable doubt; (b) said charge was error because it is a part of the rule of evidence for determining where the preponderance of the evidence lies in a civil case, and has no application in a criminal investigation; (c) it is always error to charge this rule of evidence in whole or in part in a criminal case, because it is applicable alone in a civil case; (d) it was error to charge a portion of this section without a charge of all of it.

Though it was inapt for the court to give the provisions of this Code section as to determining the credibility of witnesses, such error, if any, was harmless. *Harper* v. *State,* 201 *Ga.* 10 (1) (39 S. E. 2d, 45).

■ The court charged so much of Code § 26-1011 as is applicable to the plea of self-defense; and the failure to define the word "felony" in such charge, in the absence of a request, was not such error as requires the grant of a new trial. *Mills* v. *State,* 133 *Ga.* 155 (4) (65 S. E. 368); *Helms* v. *State,* 138 *Ga.* 826 (7) (76 S. E. 353).

■ Error is assigned in special ground 3 on the failure of the court to specifically instruct the jury that, if they believed the defendant was not guilty of murder, or was justified under the law, they should return a verdict of not guilty, as well as on his failure to instruct them that, if they found that the defendant was not guilty of manslaughter, or was justified, they should return a verdict of not guilty; the complaint being that the court charged that, "if you find the defendant guilty of the offense of murder, you return one of two verdicts, either a verdict, 'We, the jury, find the defendant guilty,' or you may return a verdict, 'We, the jury, find the defendant guilty and recommend mercy,'" but did not instruct the jury that on the charge of murder they could return a verdict of not guilty if they believed the defendant was not guilty, or that if he was

justified they should return a verdict of not guilty. In summary, the complaint is that the jury were not instructed on the principle of law embodied in Code § 26-1017, which provides: "The homicide appearing to be justified, the person indicted shall, upon the trial, be fully acquitted and discharged."

We are of the opinion that this exception is well founded. The defendant in his statement contended that he shot the deceased in self-defense, and the contention was such that, if the jury had accepted his statement as the truth of the case, they would have been authorized to acquit him. The court in this case, after instructing the jury on the law as to murder, voluntary manslaughter, and mutual combat, gave to them the law as to justifiable homicide and reasonable fears, as embodied in Code §§ 26-1011 and 26-1012. The court then instructed the jury that, "If you believe that the defendant Ralph Fountain killed the person named in the indictment, William Ancil Smith, in the manner therein charged, with an instrument that in the manner in which it was used was a weapon likely to produce death and without circumstances of justification or mitigation under the instructions hereinbefore given you, then you will be authorized to find the defendant guilty of murder as charged in the indictment"; but did not in this connection instruct the jury what their verdict should be if they believed that the defendant was not guilty, or was justified. After the court charged the jury the two possible verdicts they could render on the murder charge and after they were given the form of verdict if they found the defendant guilty of voluntary manslaughter, they were then instructed as follows: "On the other hand, gentlemen of the jury, if you do not believe that the defendant is guilty, or if you have a reasonable doubt on your mind as to his guilt, it would be your duty to acquit him and in that event your verdict would be, 'We, the jury, find the defendant not guilty.'" Though the court instructed the jury as to the law of justifiable homicide and fears of a courageous man, it wholly omitted to tell them that, if they found the homicide was justified, they should acquit the defendant. This omission had the effect of withdrawing from the jury their consideration of the defendant's contention of justifiable homicide as a separate and substantive defense, and was of such substantial nature as to demand the grant of a new trial.

The charge in this case is practically identical with that given in *Waller* v. *State*, 102 *Ga.* 684 (28 S. E. 284). There the defendant was convicted of manslaughter. On the trial of the case, the law of murder, manslaughter, and justifiable homicide was given in charge. Error was assigned on the failure to instruct the jury that, if the defendant's act was justifiable, he should be acquitted. In holding that this failure so to charge was error requiring the grant of a new trial, this court said: "Complaint is made that the failure of the judge to give this instruction was prejudicial to the accused; and we think this complaint is well founded. The principle of homicide in self-defense was directly involved in this case, and the accused was entitled, as a substantive, affirmative defense, to the benefit of his contention that the homicide was really justifiable. It is true that, in the course of his instructions, the trial judge charged the jury that if the accused was neither guilty of murder nor voluntary manslaughter, he should be acquitted; but he did not at any time state to them what should be their finding in the event they found he was justified in his act. The effect of this instruction was to give the accused the benefit of his theory of justifiable homicide only as a negative defense, and authorized the jury to consider the facts appearing in support of that theory only in so far as it tended to negative the idea of his guilt either of murder or voluntary manslaughter; whereas justifiable homicide is in law itself a substantive and affirmative defense, and if found well supported in fact, the accused would be entitled to an acquittal without reference to the evidence which apparently tended to convict him of the offense of murder or voluntary manslaughter." P. 685, 686.

The *Waller* case has been cited by this court in several subsequent cases and distinguished, but the ruling therein has never been criticised. The cases of *Nix* v. *State*, 120 *Ga.* 162 (47 S. E. 516), *Taylor* v. *State*, 121 *Ga.* 348 (49 S. E. 303), *Hill* v. *State*, 164 *Ga.* 298 (138 S. E. 229), and *Tiller* v. *State*, 196 *Ga.* 508 (26 S. E. 2d, 883), hold that, where the court has given in charge the law as to justifiable homicide, it is not error in the absence of a request to fail to charge the provisions of Code § 26-1011; and upon examination of these cases, they show that in each one the charge as given informed the jury that, if they believed the

defendant was justified, they should return a verdict of not guilty.

It was error for the court to overrule this ground of the amended motion for a new trial.

Having held that the defendant is entitled to a new trial because of the error dealt with in the division above, it becomes unnecessary to consider special ground 4, which sought a new trial on the ground of newly discovered evidence. Nor is it necessary to pass upon the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur, except Duckworth, C.J., and Candler, J., who dissent.*

DUCKWORTH, C. J., dissenting. The ground upon which the ruling in division 3 is based is an attack upon an excerpt of the charge that conforms in all respects with the law, and merely instructs as to the punishment if the verdict is guilty without more, and the punishment if added to such verdict is a recommendation to mercy. This charge is not attacked because of its incorrectness but solely because other charges were not given. Without exception this court has always held that such a ground is without merit. There could never be justification for reversing a correct charge solely because the judge erred in failing to charge properly in some other respect. I therefore dissent from the ruling made in division 3, the corresponding headnote, and from the judgment of reversal. I am authorized by Mr. Justice Candler to state that he concurs in this dissent.