33474. FARR *v.* THE STATE.

DECIDED MAY 17, 1951.

Wood & Tallant, Leon Boling, H. G. Vandiviere, Ben F. Smith, J. P. Fowler, for plaintiff in error.

James T. Manning, Solicitor-General, Harris, Henson, Spence & Gower, contra.

MacIntyre, P. J. The defendant, Charlie Farr, was indicted for the murder of Harold C. Bennett. He was found guilty of voluntary manslaughter. His motion for a new trial, based upon the usual general grounds, and eleven special grounds, was overruled and he excepted.

■ In special ground 1 error is assigned upon the admission of certain evidence over the objection that "the foundation has not been laid, no proper foundation, and we object to it on the further ground it would be a self-serving declaration." This objection is not sufficiently specific to raise any question for determination by this court. Owen v. State, 78 Ga. App. 558 (51 S. E. 2d, 602); Freeman v. Young, 147 Ga. 699 (3a) (95 S. E. 236); Barkley v. State, 190 Ga. 641 (3) (10 S. E. 2d, 32); Taylor v. State, 83 Ga.' App. 735 (64 S. E. 2d, 598).

■ The assignments of error upon the charge of the court, contained in special grounds 4, 5, and 8, are so closely related under the view which we take of the court's charge that they will be considered here together. In special ground 4 the error assigned is that after charging the jury: "If you believe in the manner that I have instructed you about that the defendant shot and killed the deceased named in the indictment, and you further believe that at the time of the killing the deceased was committing a felonious assault upon the person of the defendant, or if you should believe that the deceased manifestly intended or endeavored by violence or surprise to commit a felonious assault upon the person of the defendant, or if you should believe that the circumstances surrounding the killing, viewed from the standpoint of the defendant, were such as to excite the fears of a reasonable man that the deceased intended or was about to commit a felonious assault upon the person of the defendant, and that acting under the influence of those fears and not in a spirit of revenge the defendant shot and killed the person named in the indictment, then in that event the killing would be justifiable and you

should not convict the defendant of anything," the court should have charged, "If you believe that the deceased was resisting arrest by an officer of the law and his posse and was shot and killed by the defendant, and if you further believe that the deceased was about to commit a felony on the defendant's fellow officer, and that the defendant believed that the deceased was about to commit a felonious assault on his fellow officer and on this circumstance the defendant shot and killed the deceased and in so doing was acting under the fears of a reasonable man, and if you believe the killing to be justifiable, you should not convict the defendant of anything."

In special ground 5 the defendant contends that the court erred in failing to charge: "If you should find that the killing was justifiable under the rules of law that have been given you, then you should not find the defendant guilty of anything and should acquit him, and in that event the form of your verdict should be, 'We, the jury, find the defendant not guilty,'" in connection with the following charge which the court gave: "If you should find the defendant guilty of the crime of murder, the form of your verdict should be, 'We, the jury, find the defendant guilty and recommend him to the mercy of the court.' In this case the State is not insisting on capital punishment and the jury was not qualified as to whether or not they were conscientiously opposed to capital punishment, and the State is not insisting on capital punishment. If you find the defendant guilty of murder and recommend him to the mercy of the court, that would mean that the punishment which would be received by the defendant would be life imprisonment in the penitentiary. The court would have no discretion whatever about the matter. If you should find the defendant is not guilty of the offense of murder, then you would go further and determine whether or not he is guilty of the lesser offense of voluntary manslaughter. And if you should find him guilty of the offense of voluntary manslaughter, that is a felony and is punishable by imprisonment in the penitentiary for not less than one nor more than twenty years, and the form of your verdict in that event would be—'We, the jury, find the defendant guilty of voluntary manslaughter, and we fix his punishment at not less than blank year or years, minimum, and not more than blank year or years,

maximum, any period of time between one and twenty years, and any period of time maximum between one and twenty years, or the minimum and maximum could be the same time—one to one, two to two, ten to ten, any way you wanted to fix it; you would fix a minimum and a maximum between one and twenty years, and you could make them the same, if you saw fit to do so. Now if you should find that the defendant is not guilty of any crime, either murder or manslaughter, your verdict should be—'We, the jury, find the defendant not guilty.'"

In special ground 8 error is assigned upon the court's failure to charge: "If you find the homicide justifiable, then you will acquit the defendant, in which event the form of your verdict will be, 'We, the jury, find the defendant not guilty.'"

The ground of the assignment of error in special ground 4 is that the charge as given by the court, without the portion which it is alleged should have been given, "failed to give the jury the opportunity to consider the fact that the defendant might have committed the killing to prevent a felonious assault upon his fellow officer."

The ground of the assignment of error in special ground 5 is that the court's failure to charge the jury that if they found that the killing was justifiable, they should acquit and in that event the form of the verdict would be, "We, the jury, find the defendant not guilty," was erroneous in that it took from the defendant a substantive and affirmative defense which, if believed by the jury, would have entitled him to a verdict of not guilty without reference to the evidence which apparently tended to convict him of the offense of voluntary manslaughter.

The ground of the assignment of error in special ground 8 is that the court's failure to charge the form of the verdict in the event they found that the homicide was justifiable withdrew from the consideration of the jury the defendant's separate and substantive defense of justifiable homicide which is wholly different from the defense involved in murder and manslaughter.

The court charged at considerable length on justifiable homicide as restricted in Code §§ 26-1011 and 26-1012, when there is a real or apparent danger of a felony about to be committed upon the defendant; and, the court several times in this part of its instructions charged that if the accused was not guilty of

either murder or manslaughter he should be found not guilty. All of the instructions up to the third from the last paragraph of the charge were "tied in" with, or related to, the defense of when the accused should be found not guilty of murder under the provisions of Code §§ 26-1011 and 26-1012; that is, the court instructed the jury that, under the evidence and the defendant's statement to the jury, if the jury believed that there was a real or apparent danger of a felony being committed upon the defendant, he should not be found guilty. The court then charged the jury the circumstances under which the defendant should be found not guilty of voluntary manslaughter. Then in the third from the last paragraph of the charge, the court charged: "Now, gentlemen, in this connection I charge you that an arrest for a crime may be made by an officer either under a warrant or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant. Unless you find the arrest was legal under the terms of this section of the Code which I have just read to you, the arrest would be unlawful and the deceased could under the law resist such unlawful arrest by the use of all necessary effort or avoid the attempted arrest by running away from the officer." Immediately in the next paragraph, the court charged: "Now, gentlemen, you have heard the evidence in the case and the statement of the defendant, and it is for you to determine by your verdict what the truth of the case is. If you find that the State has established the guilt of the accused in the way that I have stated then you ought to convict him. If you find that the State has failed to establish his guilt in the way that I have stated, or if you have a reasonable doubt about it, or if you should find that he was justified on the occasion in question, then you should acquit him."

The last sentence of this latter paragraph seems to charge in effect, or in the substantial language of, Code § 26-1017, which is: "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." Up until this last sentence there was no mention in the charge of any defense of justifiable homicide, except the restricted justification or negative defense provided for in Code §§ 26-1011

and 26-1012. However, immediately in the next pargaraph the court instructed the jury that if they found the accused guilty of murder the form of the verdict would be, "We, the jury, find the defendant guilty [of murder]," etc. The court then charged: "If you should find the defendant is not guilty of the offense of murder, then you would go further and determine whether or not he is guilty of the lesser offense of voluntry manslaughter . . and if you should find him guilty of the offense of voluntary manslaughter . . the form of your verdict in that event would be—We, the jury, find the defendant guilty of voluntary manslaughter, and we fix his punishment," etc. Following this instruction, the court charged: "Now, if you should find the defendant not guilty of any crime, either murder or manslaughter, the form of your verdict would be—We, the jury, find the defendant not guilty."

The effect of these latter instructions as to the forms of the verdict gave the accused the benefit of his theory of justifiable homicide *only* as a negative defense and authorized the jury to consider the facts in support of this theory only insofar as they negatived the idea of his guilt of either murder or manslaughter "whereas justifiable homicide is in law itself a substantive and affirmative defense, and if found well supported in fact, the accused would be entitled to an acquittal without reference to the evidence which apparently tended to convict him of the offense of murder or voluntary manslaughter." *Fountain* v. *State*, 207 *Ga.* 144 (60 S. E. 2d, 430).

After giving the jury the form of the verdict last-above quoted, the court charged: "I will repeat the forms of those verdicts gentlemen. If you find the defendant guilty of murder the form of your verdict would be—We, the jury, find the defendant guilty . . If you should find that he is not guilty of murder but is guilty of the crime of manslaughter, then the form of your verdict would be—We, the jury, find the defendant guilty of voluntary manslaughter and fix his punishment . . [etc.] If you should find that the defendant is not guilty of any crime, *either murder or manslaughter*, the form of your verdict would be—We, the jury, find the defendant not guilty." The italicized words restricted the jury, in acquitting the defendant, to their finding him not guilty of murder or manslaughter.

In this case one phase of the evidence authorized a verdict of justifiable homicide as a separate and substantive defense on the theory that the defendant deputy sheriff, in assisting the sheriff to make a lawful arrest, was exerting only necessary effort and that while in so doing in order to save the life of the sheriff it was necessary to kill the deceased. We, therefore, think the charge was confusing, at least on the subject of the defendant's separate and substantive defense as provided in Code § 26-1017.

The judge in the concluding part of his charge in summing up his instructions did not instruct the jury that the verdict could be "We, the jury, find the defendant not guilty." On the contrary he instructed them, "Now if you should find the defendant not guilty of any crime, either murder or manslaughter, the form of your verdict would be—We, the jury, find the defendant not guilty." As a conclusion drawn from the whole law given them in charge, the jury might have understood from the last paragraph of the court's charge that it was necessary that a felony, either real or apparent, was about to be committed upon the defendant and withdrew from their consideration the defendant's contention of justifiable homicide relative to saving the life of the sheriff in a necessary effort on the part of both of them (the sheriff and the deputy sheriff) to make a lawful arrest.

We think that this case comes within the rule announced in *Waller* v. *State*, 102 *Ga.* 684 (28 S. E. 284), and *Fountain* v. *State*, 207 *Ga.* 144 (supra), and not within the rule announced in *Nix* v. *State*, 120 *Ga.* 162 (47 S. E. 516), *Taylor* v. *State*, 121 *Ga.* 348 (49 S. E. 303), *Hill* v. *State*, 164 *Ga.* 298 (138 S. E. 229), and *Tiller* v. *State*, 196 *Ga.* 508 (26 S. E. 2d, 883).

The error which we hold to have been committed is that in summing up in the concluding paragraph of the charge the court twice restricted the circumstances under which the defendant could be found not guilty so as to exclude the accused's affirmative defense of justifiable homicide; that is, when he instructed the jury that the defendant could be found not guilty of any crime, he restricted this instruction to finding the defendant not guilty where he was not guilty of either murder or manslaughter and thereby gave the defendant the benefit only of his negative defense of justifiable homicide; and again, when the court was enumerating the possible verdicts which could be found by the

jury in the case, he failed to give the form of the verdict in the event the jury found that the homicide was justified. See, in this connection, *Powell* v. *State*, 101 *Ga.* 9, 26 (29 S. E. 309).

It follows from what has been said above that this case must be remanded to the trial court and a new trial granted.

■ Having held that the defendant is entitled to a new trial because of the errors dealt with in division 2 of this opinion, it becomes unnecessary to consider special ground 2, which sought a new trial on the ground of certain allegedly improper remarks of one of counsel for the State; special ground 3, which involved the trial court's refusal to correct an alleged misstatement in the evidence; special ground 6, which involved alleged prejudice to the defendant by a newspaper photographer's photographing the courtroom as the jury was retiring therefrom; special ground 7, which assigned error upon the court's instructing the jury that they must reach a unanimous verdict after they had returned a verdict and a member of the jury upon being polled stated that the verdict which had not been returned was not his; special ground 9, which assigned error upon the court's failure to charge upon the law of involuntary manslaughter, which issue it is alleged was raised by the evidence; nor is it necessary to pass upon the sufficiency of the evidence to support the verdict.

■ In special ground 10 error is assigned upon the court's use of the words, "Now, gentlemen, in this connection," which appear in the third from the last paragraph of the charge dealing with the subject of arrests which is quoted in division 2 of this opinion. These words related this paragraph back to the *negative* charge on justification insofar as the defense of justification was concerned and this paragraph was not expressly, or otherwise, "tied in" with the subsequent part of the charge, and was, we think, in view of what has been said in division 2 of this opinion, confusing to the jury.

■ In special ground 11 error is assigned upon the failure of the court to define "crime" in connection with his charge on arrest, which we have already set out in the foregoing division of this opinion, so that the jury could determine whether or not the attempted arrest of the deceased was authorized. This failure of the court to define the word "crime" was, in the absence of a request, not such error as would require the grant

of a new trial. See, in this connection, *Mills* v. *State*, 133 *Ga.* 155 (4) (65 S. E. 368); *Helms* v. *State*, 138 *Ga.* 826 (7) (76 S. E. 353); *Fountain* v. *State*, supra.

For the reasons stated in divisions 2 and 3 of this opinion the court erred in overruling the motion for a new trial.

*Judgment reversed. Gardner and Townsend, JJ., concur.*