## 47878. WITT v. THE STATE.

DEEN, Judge. The jury was authorized to conclude from the contradictory evidence offered: that the victim, Lott, stepped on Witt's foot and Witt remonstrated; that Witt then went over to a juke box where Lott was standing, Lott placed his hand in his pocket, Witt pulled it out and a knife fell on the floor; the men tussled and were pulled apart; Lott left the room and Witt followed, carrying a pistol which someone had handed him; outside Lott came toward Witt, who thought he had the knife, and Witt shot and killed him. *Held:*

1. "The theory of involuntary manslaughter was injected only by the testimony of the defendant. If he had been making an unsworn statement there would have been no error in failing to charge on this theory, since there was no request for it." *Howell v. State,* 123 Ga. App. 306 (1) (180 SE2d 599). Under the defendant's theory of the homicide, he shot in self defense not intending to kill. He admitted following the victim out the door, pistol in hand, and stated: "Lott came at me with a knife, and I asked him not to come up on me with a knife, so he came up on me anyway, and so I had to shoot him . . . I didn't shoot to kill him. I had to protect myself."

The great bulk of the testimony pointed to a shooting following a mutual combat, followed by a final encounter deliberately sought by the defendant. His unsworn statement that when he shot the victim he intended only to wound him, absent other circumstances pointing to this conclusion, did not

require submission to the jury of the theory of involuntary manslaughter, and the court gave proper instructions on justifiable homicide. The omission of instructions on the offense of involuntary manslaughter was not error in this case.

2. Since the verdict did not depend entirely or even primarily on circumstantial evidence, failure to charge Code § 38-109 does not constitute reversible error.

3. The court charged: "The defendant enters upon the trial of this case with the presumption of innocence in his favor and that presumption remains with him throughout the trial, until and unless the State has introduced evidence sufficient to satisfy your minds to a moral and reasonable certainty and beyond a reasonable doubt." This being the substance of Code Ann. § 26-501, failure to give it in haec verba was not error.

4. After charging on justification "a defense . . . by a defendant threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself against such other's imminent use of unlawful force" and defining justification in the language of Code Ann. § 26-902 the court stated: "If you find the defendant not guilty of any offense, the form of your verdict would be, 'We the jury find the defendant not guilty.' " He then stated the verdict forms "if you find the defendant guilty of murder" and "if you find the defendant guilty of voluntary manslaughter." The court asked, "Are there any objections to the charge on behalf of the defendant?" and counsel for the defendant replied, "No, your honor, we have none at this time."

Being well aware that no rule of law requires objection to the charge as a basis for an enumeration of error in a criminal case, we have not treated counsel's language as an estoppel against the right of the defendant to urge error. See, however, *Gearin v. State,* 127 Ga. App.

811 (195 SE2d 211). We are nevertheless of the opinion that in so elementary a matter as the form of verdict, had counsel for the defendant felt that the instructions were insufficient he would not have replied to the question in the negative. *Waller v. State,* 102 Ga. 684 (1) (28 SE 284), followed in *Farr v. State,* 83 Ga. App. 855 (65 SE2d 270) and other cases, holds that it is "erroneous to sum up the contentions of the accused, the same, if true, making a clear case of justifiable homicide, without distinctly informing the jury that if the accused were justifiable in his act, he should be acquitted." The facts here as stated by the defendant's witnesses indicate that the defendant, after the fight inside the hall was broken up, accepted a borrowed gun, followed his victim outside, and within moments had shot him. We feel that under the charge as a whole the jury must fully have understood that, if it found the defendant justified, it could not return a guilty verdict. The error under these circumstances was harmless.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Evans, Clark and Stolz, JJ., concur. Quillian, J., dissents.*

ARGUED FEBRUARY 5, 1973 — DECIDED MARCH 1, 1973 — REHEARING DENIED MARCH 30, 1973 — 

*Robert E. Andrews,* for appellant.

*Jeff C. Wayne, District Attorney, Robert W. Lawson, Jr.,* for appellee.

QUILLIAN, Judge, dissenting. I cannot agree with that which is held in Division 4 of the majority opinion. I feel it was "erroneous to sum up the contentions of the accused, the same, if true, making a clear case of justifiable homicide, without distinctly informing the jury that if the accused were justifiable in his act, he should be acquitted." *Waller v. State,* 102 Ga. 684 (28 SE 284).