## 29931. LAVENDER v. THE STATE.

Hall, Justice.

This is an out-of-time appeal granted by the superior court pursuant to an order of the United States District Court, Northern District of Georgia, dated January 10, 1975, from Lavender's 1968 murder conviction. The law applicable to this appeal pre-dates the Criminal Code of 1968.

While the evidence is in conflict, there is evidence to show that the defendant had been drinking and was found sleeping on a couch in a tavern about 1:30 a.m. The manager of the tavern awakened the defendant and walked with him to the door. The defendant was then using profanity, and a few minutes later re-entered the tavern with a pistol and started shooting. The manager attempted to run, tripped and fell. Defendant came over

and shot him in the head. When apprehended, defendant inquired of the manager's condition and was told that he was alive. The defendant replied, "I am sorry the son-of-a-bitch is not dead." The victim died later that morning from the gunshot wound in the head. Lavender's unsworn statement put forward his claim that the shooting followed a "scuffle" and was justifiable homicide.

1. Defendant's enumeration of error number 2 that "The court erred in charging the jury as to a felonious killing" is without merit insofar as it alleges that a portion of the charge was argumentative and burden shifting. *Abner v. State,* 233 Ga. 922 (213 SE2d 851); *Hewell v. State,* 232 Ga. 175 (205 SE2d 216); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805). The additional language of the charge was not subject to the construction Lavender seeks to place on it: the jury were not erroneously told that "absolute necessity" for the killing must appear in order to authorize a finding of justifiable homicide.

2. In enumeration of error number 3, defendant asserts that "the court erred in charging the jury as to justifiable homicide," because the jury were never told in general or specific terms that if they found the homicide justifiable it would be their duty to acquit.

Initially, we note that defense counsel at trial made no objection to this portion of the charge. Although the law is different at present (see Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207)), Lavender's trial on May 20 and 21, 1968, was subject to 1966 Ga. L. p. 493, 498, which applied prior to the effective date of the 1968 amendment. *Sims v. State,* 234 Ga. 177. Under the 1966 Act, which comported with the present American Bar Association Standards Relating to the Administration of Criminal Justice, Jury Instructions 4.6 p. 329-330, and Rule 30 of the Federal Rules of Criminal Procedure, Lavender's present complaint concerning the charge would be barred because no objection was made at trial, unless this court, under Section (c) of the Act (Code Ann. § 70-207(c)) should find that the charge was harmful as a matter of law, i.e., that it was blatantly prejudicial or resulted in a gross miscarriage of justice. As we note below, we do not so find, and therefore Lavender's claim on this point is not

entitled to be considered on the merits. Nonetheless, we will consider it because it invokes *Witt v. State,* 231 Ga. 4 (200 SE2d 112), which we conclude must be overruled.

In the *Witt* case, the Court of Appeals had affirmed Witt's conviction finding that "under the charge as a whole the jury must fully have understood that, if it found the defendant justified, it could not return a guilty verdict." This court on certiorari reversed, reiterating that justifiable homicide is a substantive defense and must be charged as such. In the case before us, there was no wording in the charge such as *Witt* required, and if *Witt* controls, Lavender's conviction must be reversed. We conclude, however, that our *Witt* decision was erroneous. The charge here, when read in its entirety, clearly informs the jury that in order to convict they must find the defendant guilty beyond a reasonable doubt of an unjustified, unmitigated killing; and they were further instructed on the principles of defendant's theory of the case which would constitute justification. The jury has a duty to acquit whenever the state has failed to make out its complete case. It was not necessary for the jury to find the defendant justified in order to have a duty to acquit him, and it is not necessary for the court to give them such a redundant instruction. Moreover, such a charge might erroneously lead the jury to conclude that their duty to acquit was limited by the instruction on justifiable homicide. We conclude that the charge given here was not erroneous. *Witt v. State,* supra; *Spencer v. State,* 215 Ga. 183 (1) (109 SE2d 588); *Boyd v. State,* 207 Ga. 567 (3) (63 SE2d 394); *Fountain v. State,* 207 Ga. 144 (3) (60 SE2d 433) and *Waller v. State,* 102 Ga. 684 (1) (28 SE 284) are overruled and will not be followed hereafter.

3. The charge on murder taken together with the entire charge was not misleading or argumentative. Enumeration of error number 4 is without merit. *Ellard v. State,* 233 Ga. 640 (212 SE2d 816); *Thomas v. State,* 95 Ga. 484 (3) (22 SE 315).

4. The defendant failed to support enumeration of error number 1 by argument or citation of authority and under Rule 18 (c) (2) of this court the same is abandoned. *Roberts v. State,* 231 Ga. 395 (2) (202 SE2d 43).

*Judgment affirmed. All the Justices concur, except*

*Gunter and Ingram, JJ., who dissent.*

ARGUED MAY 13, 1975 — DECIDED JUNE 17, 1975.

*Stone & Pennington, John C. Pennington, K. Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

The evidence in this case was in conflict. The defendant-appellant contended that he had shot the victim in self-defense, and that his doing so was fully justified.

The charge of the court on justification was, in part, as follows: "If you find the homicide proved, as alleged, and the evidence adduced to establish the killing does not show circumstances of justification or alleviation, malice may be inferred, but if you find from the evidence *relied on by the state* to show the killing contains circumstances of alleviation or justification, the burden of proving that the crime of murder is not shifted. The law presumes every homicide to be felonious until the contrary appears from the circumstances of alleviation or excuse or justification, and it is incumbent upon the prisoner, the defendant to make out by a preponderance of the evidence such circumstances to the satisfaction of the jury unless they arise out of the evidence produced against him."

The third error enumerated was: "The court erred in charging the jury as to justifiable homicide." In support of this enumerated error the case of *Witt v. State,* 231 Ga. 4 (200 SE2d 112) (1973), is cited. I have reread the charge in *Witt* and compared it with the charge in this case, and I can see no material difference in the two charges in the two cases.

In the instant case the trial judge charged on justifiable homicide which was an issue in the case, but he did not "specifically, or in general terms, inform the jury that, if they should believe the defendant justified, it

would be their duty to acquit him." In *Witt* we held that such a failure required the granting of a new trial. I think *Witt* controls here, that *Witt* should not be overruled, and that a new trial should be granted.

I also think the court's charge in this case on justifiable homicide was erroneous for other reasons. First, in *Gordon v. State,* 163 Ga. 388 (136 SE 144) (1926), this court held that when the defendant's statement raised the issue of justification, a jury's determination of that issue could not be limited to "the evidence in the case against the defendant." The charge in this case said ". . . but if you find from the evidence *relied on by the state* to show the killing contains circumstances of alleviation or justification, the burden of proving that the crime of murder is not shifted." This charge, I think was erroneous and completely confusing to the jury. It is my view that the charge should have said: ". . . but if you find from the evidence relied on by the state or from the evidence (or unsworn statement) relied on by the defendant to show the killing contains circumstances of alleviation or justification, the burden of proving that the killing was murder or manslaughter remains on the state."

Also, I think that the charge was erroneous in that it shifted the burden of proving that the homicide was justified to the defendant. See my dissenting opinion in *Abner v. State,* 233 Ga. 922 (213 SE2d 851) (1975).

I think the judgment in this case should be reversed and a new trial granted.

I respectfully dissent.

INGRAM, Justice, dissenting.

I dissent to the overruling of *Witt v. State,* 231 Ga. 4 (200 SE2d 112), a unanimous decision of this court on September 6, 1973, and to the earlier cases decided by this court followed in *Witt,* which the majority opinion concedes to be controlling in this case.

The defendant complains in the present appeal that the jury was never told in general or specific terms that if they found the homicide justifiable it would be their duty to acquit the defendant. Until the present case came along, I thought it was well established that when justifiable homicide was in issue, under the evidence for

the state or the defendant, the trial court had a duty to inform the jury that if the jury believed the defendant was justified they must acquit the defendant.

In *Witt,* the Court of Appeals held the absence of such an instruction to be harmless error but this court granted certiorari and reversed because of the conflict in the decision of the Court of Appeals with earlier decisions of this court which are now being overruled. The majority opinion in this case holds the failure to give this instruction was not harmless error, but rather, that it was not error at all.

So, in less than two years we have three different views announced by the appellate courts for the guidance of the trial courts. The first is that the trial court's failure to give an instruction on justifiable homicide when it is in issue may be harmless error under the circumstances of a particular case. The second view is that the absence of such an instruction is reversible error. The third and latest view is that the failure to give such an instruction is not error, period!

Intellectual candor compels me to suggest that perhaps the most sensible and fairer view would be that such a charge should be given whenever justifiable homicide is in issue, but that the failure to give it might be harmless under the facts of a particular case. However, rather than vacillate between conflicting views on a common, recurring issue of this kind, I believe it is better for all of us who are trying to apply the law on some rational and consistent basis to follow the rule of stare decisis absent some constitutional or other highly compelling demand requiring a change. This court applied the rule of stare decisis in *Witt* by following its earlier decisions and reversing the Court of Appeals. That is what I would do now in the interest of promoting some consistency and stability in the law. I believe it is important for the trial judges to feel they can rely on prior decisions of this court in the trial of cases rather than expect some surprise package in the mail announcing a new rule every several months after they have tried the case.

I dissent.