## 51787. CARTER v. THE STATE.

WEBB, Judge.

On February 2, 1972, police officers of the City of Columbus went to the home of Johnny B. Carter, also known as Cadillac Fats, and pursuant to two arrest warrants and a search warrant arrested him for two sales of heroin. The Public Defender of Muscogee County was appointed to represent Carter and on November 30 and December 1, 1972, he was tried and convicted of two counts of selling narcotics. The jury fixed sentence at ten years on Count 1 and twenty years on Count 2, whereupon the trial judge sentenced Carter to life imprisonment. A skeleton motion for new trial was filed by the public defender but no further action was taken until January 27, 1975, when Carter retained his present counsel who filed an amended motion for new trial. On April 15, 1975, the trial court amended Carter's sentence to ten years on each count to be served concurrently, but denied the amended motion for new trial. Carter appeals.

1. Enumerations of error 1 through 8 deal with the sufficiency of the evidence. Carter contends that the evidence was circumstantial and did not exclude every hypothesis save the guilt of the defendant. This contention is without merit since there was direct evidence of Carter's complicity.

Larry Wheeler, an undercover agent of the Georgia Department of Investigation, testified that he arranged with Carter to make the heroin sale alleged in Count 1; that Carter sent someone out who returned with a brown paper bag containing 14 or 15 "half loads"; that Wheeler

then laid twelve one hundred dollar bills on top of a dresser; and that "Johnny Bearden Carter picked it up and recounted the twelve one hundred dollar bills and put them in his left front pocket." In regard to the sale alleged in Count 2 of the indictment, Agent Wheeler testified that Carter handed him five half loads and Wheeler gave the money to another man present. Clearly the evidence was sufficient to show that Carter was a party to the crimes as defined by Code Ann. § 26-801.

2. Carter asserts that he was denied effective assistance of counsel upon his trial in that his appointed attorneys failed to properly investigate the case, to bring in any witnesses, to pursue any line of defense, to properly prepare for trial, to prepare any pre-trial motions, to prepare any trial motions, to perfect a proper record for appeal, to properly perfect a motion for new trial, to insure the preparation of a transcript, or to pursue an appeal; and that many glaring errors were committed during the course of the trial.

The transcript and record reveal, however, that except for the failure to timely perfect the motion for new trial and to pursue an appeal, these charges are entirely without basis. That the post-conviction motions were not acted upon until over two years after Carter's trial, and then only when he retained new counsel, is inexcusable, but it is not grounds for a reversal or a new trial. "[A]n accused who is dissatisfied with the outcome of the trial or the appeal can [not] subsequently free himself from the demands of justice by determining on account thereof that his counsel must have been ineffective because he was convicted. On the contrary, the effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). See also *Graddy v. State,* 135 Ga. App. 69 (1) (217 SE2d 393); *Dent v. State,* 136 Ga. App. 366 (4) (221 SE2d 228).

While no hearing was held in the court below on the issue of competency, we conclude from the record before us that the representation of Carter's counsel was not so inadequate as to amount to a denial of the effective assistance of counsel. *Tamplin v. State,* 235 Ga. 20 (5) (218

SE2d 779).

3. The trial court did not err in refusing to allow voir dire examination of each prospective juror out of the presence of the others. "Code Ann. § 59-705 gives defense counsel the right to examine jurors individually after the usual voir dire questions have been put by the trial court to the jury as a panel. The right does not encompass isolated examination." *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865). Such a request is entirely within the discretion of the trial judge and we find no abuse here. *Parham v. State,* 135 Ga. App. 315 (4) (217 SE2d 493) and cits.

4. The state proved venue through the uncontradicted statement of Agent Wheeler that the transactions took place in Muscogee County. "Evidence of venue, though slight, is sufficient in the absence of conflicting evidence." *Loftin v. State,* 230 Ga. 92, 93 (195 SE2d 402).

5. Carter contends that the instructions to the jury were incomplete, incorrect and a misstatement of the law because the court (a) failed to charge on intent; (b) gave an erroneous definition of "party to the crime"; (c) commented on the evidence during the charge; (d) failed to charge that the verdict must be unanimous; and (e) gave an incomplete charge on burden of proof. We do not agree.

(a) The trial court is not required to charge intention as defined by Code Ann. § 26-605 in the absence of timely written request where, as here, it has charged the essential elements of the crime with which the defendant is charged, including the necessity of the intent to commit the crime. *Whigham v. State,* 131 Ga. App. 261 (2) (205 SE2d 467).

(b) The court's charge on parties to crime was substantially in the language of Code Ann. § 26-801 and was adjusted to the evidence.

(c) The court did not express an opinion when it stated, after charging the offense of selling narcotics, "Now, ladies and gentlemen, heroin is a narcotic." It was still for the jury to determine if the substance bought from Carter was heroin, and since the evidence was uncontradicted that it was in fact heroin there is no cause for reversal. *Ga. Power Co. v. Monzingo,* 132 Ga. App. 666

(4) (209 SE2d 66).

(d) No request was made for the judge to charge that the verdict of the jury must be unanimous and no objection was made to the charge as given. Therefore this enumeration is without merit. *Thadd v. State,* 231 Ga. 623, 628 (10) (203 SE2d 230).

(e) The charge on burden of proof was not so incomplete as to be confusing. Almost the same charge was given in *Witt v. State,* 128 Ga. App. 645 (3) (197 SE2d 401),[1] and this court held that "This being the substance of Code Ann. § 26-501, failure to give it in haec verba was not error."

The charge as a whole shows that the court defined the crime and gave all the principles of law pertinent to the case.

6. Carter complains that a certified copy of an indictment for possession of narcotics showing his conviction and sentence on a guilty plea was improperly admitted during the pre-sentence hearing[2] because it did not show on its face that he was represented by counsel at the time the plea was entered. Nothing in *Clenney v. State,* 229 Ga. 561 (4) (192 SE2d 907) indicates that proof of representation by counsel or waiver of counsel can be shown only by the face of the indictment,[3] as contended by Carter, and here, outside the presence of the jury, a witness for the state who was in the courtroom when Carter's plea was entered testified that he was in fact represented by counsel at that time.

While not denying this fact, Carter contends that the

---

[1]Division 4 of this case was overruled by the Supreme Court in *Witt v. State,* 231 Ga. 4 (200 SE2d 112). Subsequently, in *Lavender v. State,* 234 Ga. 608 (2) (216 SE2d 855) the Supreme Court overruled its own decision, apparently reinstating *Witt v. State,* 128 Ga. App. 645, supra, in toto.

[2]Held pursuant to Ga. L. 1970, pp. 949, 950; since repleaded by Ga. L. 1974, pp. 352, 357; Code Ann. § 27-2503.

[3]See also *Collins v. State,* 129 Ga. App. 87 (3) (198 SE2d 707).

name of this witness was not furnished to his counsel prior to trial as required by Ga. L. 1970, pp. 949, 950, and that her testimony was thus inadmissible. The only notice of evidence in aggravation of punishment required by that statute was "the record of any prior criminal convictions and pleas of guilty or pleas of nolo contendere of the defendant . . .," and notice of the prior indictment and plea objected to here was given.

It is neither asserted nor does it appear from the record that pursuant to Code Ann. § 27-1403 a demand was made previous to Carter's arraignment for a list of the witnesses on whose testimony the charges against him were founded. Therefore, even assuming that provision to be applicable to the sentencing phase of the trial, it is not pertinent here. We conclude that the exhibit was properly admitted in aggravation of punishment under Ga. L. 1970, pp. 949, 950.

7. Carter's final enumeration of error deals with alleged improper argument by the prosecutor. This argument was not transcribed and Carter's present counsel has made no effort to correct or complete the transcript as provided by Code Ann. § 6-805. In the absence of a transcript this enumeration cannot be reviewed. *Rucker v. State,* 133 Ga. App. 180 (2) (210 SE2d 365).

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 4, 1976 — DECIDED FEBRUARY 12, 1976 — REHEARING DENIED MARCH 2, 1976 —

*Grogan, Jones & Layfield, John C. Swearingen, Jr., Ben B. Philips,* for appellant.

*E. Mullins Whisnant, District Attorney,* for appellee.