## 31204. ROBERSON v. THE STATE.

HALL, Justice.

Roberson, sentenced to life imprisonment upon a jury verdict convicting him of the murder of Willie Hall, appeals, enumerating as error the overruling of his new trial motion on each ground thereof, and additionally challenging a jury charge on justification.

1. The evidence amply sufficed to sustain the verdict. Roberson testified that he shot Hall only after Hall had twice shot at him, and the defense witnesses generally supported his story. But the state's witness, Freddie Martin, was a passenger in Hall's car at the time he was shot, and he testified to a wholly unprovoked killing. A factual dispute such as this is for the jury, and this conviction was authorized by the state's evidence. The contention that the state never proved who fired the shot is irrelevant in light of the fact that Roberson admitted shooting Hall when the evidence showed that Hall was hit by only one bullet.

2. The court's instruction to the jury that they had a duty to acquit if they found the homicide justifiable is not

subject to the claim that it erroneously insinuated that otherwise they had a duty to convict even if the state failed generally to prove its case. This instruction does not tell the jury that they must convict unless they find justification. See *Davis v. State,* 237 Ga. 279 (1976). Though we indicated in *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975), that such an instruction might in some circumstances be confusing to a jury, we find no error in the charge given in this case.

3. The remaining enumerations are without merit. Regarding each, a careful reading of the transcript either refutes the claims made, or else shows that Roberson acquiesced in the actions now complained of.

4. Roberson's motion to dismiss the state's brief for late filing is denied.

No reversible error having been shown, the conviction will be affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter and Jordan, JJ., who dissent.*

ARGUED JUNE 15, 1976 — DECIDED JULY 9, 1976.

*Calhoun & Kernaghan, William C. Calhoun,* for appellant.

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.

