## 60415, 60416. BOOKER v. THE STATE (two cases).

QUILLIAN, Chief Judge.

The Supreme Court has reversed our holding in *Booker v. State,* 156 Ga. App. 40 (274 SE2d 84), wherein we affirmed the convictions of Kenneth and William Booker for the offense of robbery by intimidation of Jacquelyn Hamiter of "money and a handgun." The case was remanded "to examine whether the charge here meets [the] test" set forth in *Lavender v. State,* 234 Ga. 608 (216 SE2d 855), that a

trial court must charge the jury on any affirmative defense even absent a request.

1. The only Division of our original opinion affected by the Supreme Court's decision was Division 7 in which the defendants contended the court erred "in not charging sua sponte on the affirmative defense of self defense or justification . . ." No written request was made for such a charge, and when asked for objections following the charge, defendants' counsel replied: "None, Your Honor." The Supreme Court stated that the applicable law was set out in *Lavender,* supra, that "[i]f an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as a part of the case in its charge, even absent a request." *Booker v. State,* 247 Ga. 74 (274 SE2d 334).

In their brief, defendants cite only four cases as authority for a charge on their theory of "self-defense or justification" — they were *"Witt v. The State,* 231 Ga. 4 . . . *Boyd v. State,* 207 Ga. 567 (3) (63 SE2d 394); *Fountain v. State,* 207 Ga. 144 (3) (60 SE2d 433); *Spencer v. State,* 215 Ga. 183 (1) (109 SE2d 588)." It is paradoxical that *Lavender,* supra, which is authority for the reversal of our holding in this Division, specifically overruled *"Witt v. State,* supra; *Spencer v. State,* 215 Ga. 183 (1) (109 SE2d 588); *Boyd v. State,* 207 Ga. 567 (3) (63 SE2d 394); *Fountain v. State,* 207 Ga. 144 (3) (60 SE2d 433)." 234 Ga. at 610.

The issue presented to us on remand is whether the evidence, including defendant's own statements, raised the issue of "self defense or justification," and if so — whether the charge as a whole fairly presented this issue to the jury — absent a specific charge on this affirmative defense.

Kenneth Booker confessed that he had gone to the victim's house "to get me some dope. Me and a good friend William Booker, but I didn't have enough money. So I robbed the lady that sole [sic] the dope . . . the gun that the police have is the one I use [sic]." His brother, William Booker, also admitted that they had gone to the victim's apartment "To buy soom [sic] doop [sic]. But then decided to robe [sic] her. We got a gun and some money." However, during the trial both defendants branded their pre-trial statements as "lies."

Jacquelyn Hamiter testified that the two defendants came to her apartment asking for a man who used to live with her. When they found out that he was not there they each exhibited "a gun" and told her they "wanted some drugs." Hamiter admitted she had previously sold marijuana and had sold marijuana to one of the defendants on one prior occasion. She stated that the defendants searched the house and found a gun belonging to the man they were looking for and then

took about $15.00 from her pocketbook and a "nickel" ($5.00) bag of marijuana laying on the table.

When Kenneth Booker was arrested he had in his possession a handgun and some marijuana. He testified that it was the gun that he had taken from Hamiter's apartment. Hamiter testified it was the gun he brought with him to rob her. His confession stated it was the gun he used to rob Hamiter.

During the trial, defendants testified they had purchased a $5.00 bag of marijuana from Hamiter the day before the alleged robbery and it was adulterated. They took the marijuana back on the day of the robbery to get their money back or a better grade of marijuana. They stated that Hamiter refused to do either, and told them to get out or "she would blow [their] heads off." William Booker testified: "when she said that, she went toward the kitchen. I went behind her ... When I saw the gun and the marijuana laying on the counter, I figured that she was going toward that, so I grabbed [her] from behind ... my brother got the marijuana, the gun, and there was $5.00 and some change laying on the counter. He got that and we left." The arresting officers testified the defendants never said anything to them about this version of the events.

The posture of the evidence at this point is that both defendants admitted they went to Hamiter's apartment and took a pistol, a $5.00 bag of marijuana, and some money — amounting to more than $5.00. Hamiter stated that she was robbed. Defendants claim, on appeal, they took possession of the pistol, the $5.00 bag of marijuana, and more than $5.00, in "self defense" and as "justification" for Hamiter's threat to "blow their heads off." We cannot agree with this assessment.

Even if we were to acknowledge that Code Ann. § 26-902 (Ga. L. 1968, pp. 1249, 1272) is applicable to the facts of this case — thereby justifying use of force in defense of themselves, this would apply only to the taking of the pistol. Further, if defendants could assert that the taking of the $5.00 bag of marijuana was justified for the adulterated $5.00 bag they had paid for the prior day — no justification or self defense theory is applicable to the taking of the money — which all parties admit was over $5.00 — and would sustain the finding of guilt of the offense charged. However, we have been directed by the Supreme Court "to examine whether the charge here meets this test" — referring to *Lavender's* caveat, as stated in the reversal of this case: "The affirmative defense, however, need not be specifically charged if the case as a whole is fairly presented to the jury." *Booker v. State,* 247 Ga. 74, supra.

The defendants did not deny that they took the pistol, the marijuana, and the money — only that they denied their guilt

because such acts were justified. The court charged that "a verdict is never demanded in a criminal case in favor of the State where the defendant in his testimony denies his guilt" and if the prosecution had not proved the guilt of the defendants beyond a reasonable doubt they should acquit. The court gave in charge that an accused should "not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, or intention or criminal negligence." It was further charged that if the jury found "any admission was made by the defendants in this case as to any fact or facts illustrating their guilt or innocence, you may consider the same in connection with and in the light of any other facts bearing upon the guilt or innocence of the accused, and from all of the evidence given, determine the guilt or innocence of the accused." Thus, taking the charge and the evidence as a whole, we find the charge adequately and fairly presented the defendants' theory of exculpation to the jury and the lack of a specific charge on the unrequested, unarticulated theory of self-defense and justification, and unobjected to failure to charge on such unarticulated theory, was not prejudicial error under the facts of the instant case.

2. All other issues raised by the enumerated errors were decided adversely to the defendants' in the original opinion of this Court. We adhere to our former decision.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1981 —

*Ray C. Norvell,* for appellants.
*Robert E. Wilson, District Attorney, Jon C. Peters, Assistant District Attorney,* for appellee.