## HANDSPIKE *v*. THE STATE.

No. 16031. DECEMBER 1, 1947.

118

*Howard, Tiller & Howard,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General, J. W. LeCraw, William Hall, William Boyd, Wright Lipford, Assistant Attorney-General,* and *Mary B. Rogers,* contra.

HEAD, Justice. (After stating the foregoing facts.) The sole question for determination in this case is whether or not the defendant was insane at the time of the homicide. The evidence of the witnesses for the State was amply sufficient to show that the defendant killed the deceased. His defense on the trial of the case was that he was insane at the time of the commission of the act, and he introduced evidence for the purpose of showing his insanity.

In every case there is a presumption that the accused is sane, but this presumption may be overcome by a preponderance of

the evidence. *Allams* v. *State*, 123 *Ga.* 500 (51 S. E. 506). In this case, since the State offered no evidence to show that the accused had mental capacity to distinguish between right and wrong as to the act committed, the only burden on the defendant was to introduce evidence sufficient to overcome the presumption of sanity.

To show the insanity of the accused at the time of the commission of the offense, it is relevant to introduce testimony showing the mental condition of the accused at the time of the offense, and his mental condition before and after the offense may be proved as tending to show his condition at the time of the offense. *Flanagan* v. *State*, 103 *Ga.* 619 (4) (30 S. E. 550). Dr. Beall, a qualified psychiatrist, testified that he examined the defendant at the Veterans Hospital in Atlanta in the latter part of August before the homicide in November. He related the abnormal actions of the defendant, and stated that it was his opinion that the defendant was insane. The authorities of the Veterans Hospital at Tuskegee, Alabama, made a report as of October 14, less than a month before the homicide, in which they gave their diagnosis of the defendant as "psychosis," a psychiatric term denoting a serious mental derangement. One of the State's witnesses gave an account of the irrational ideas of the defendant and stated that she did not think he "had a mind." The special plea filed in January, 1945, alleged that the defendant was insane, unable to understand the nature of the charge against him, and unable to advise his counsel regarding his defense. The jury trying this issue found in favor of the plea, thus adjudicating that the defendant was insane at that time.

In *Wilson* v. *State*, 9 *Ga. App.* 275 (70 S. E. 1128), the Court of Appeals held that the accused had carried the burden of proving his insanity, and reversed the judgment of the lower court. In discussing that case the court stated in part as follows (at page 287) : "Insanity is a question of fact, and not of law, and it is the exclusive province of the jury to determine all questions of fact; but this does not mean that juries can arbitrarily disregard the clearest and most convincing proof, and accept, as the truth in the evidence, that which, from every standpoint of reason and human experience, is not entitled to any evidentiary weight or value; and, if they do so, the ends of justice demand

that their verdict should be disregarded. Believing, as we do, from a careful consideration of the evidence in this record, that it furnishes the most convincing proof of mental unsoundness, and finding no fact or circumstance in the case that tends in the slightest degree to rebut this overwhelming and conclusive proof, we feel compelled to set aside the verdict finding that the accused was criminally responsible for his act."

It is insisted by the State that there was no evidence that the defendant was suffering from any delusion in connection with which the homicide occurred, and there was no evidence showing that the degree of mental weakness he had was such that he could not distinguish between right and wrong. We fully recognize the well-settled rules of this State to be applied in determining criminal responsibility. *Rozier* v. *State,* 185 *Ga.* 320 (195 S. E. 172). However, when convincing proof has been introduced that the defendant was insane at the time of the commission of an offense, this would be sufficient evidence that he could not distinguish between right and wrong as to the particular act. In *Long* v. *State,* 38 *Ga.* 507, it was stated: "If the prisoner was insane at the commission of the act, he is not guilty; he may prove his condition under that plea. It is, in all crimes, one of the ingredients of the offense that there shall be a joint operation of act and intent, and an insane-person cannot, in a legal sense, have any intent. Indeed, in murder, soundness of mind, in the perpetration of the act, is a part of the definition of the crime." Since there was no attempt to show that the act committed was caused by a delusion, we do not need to deal with delusional insanity.

When there is no evidence to support a verdict, it is always the duty of this court to set aside such verdict under the general grounds of the motion for new trial. Since the uncontradicted evidence showed that the defendant was a person of unsound mind, the verdict finding him guilty of murder was unauthorized.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*