BOYD *v.* THE STATE.

No. 17362.  FEBRUARY 13, 1951.

*W. C. Hawkins* and *J. Henry Howard,* for plaintiff in error. *Eugene Cook, Attorney-General, Walton Usher, Solicitor-General, Hilton & Hilton, Limerick L. Odom,* and *Odom & Odom,* contra.

HEAD, Justice. ■ It is contended by counsel for the defendant that the State did not offer any evidence to contradict the testimony of Dr. Craig, a psychiatrist, who testified that in his opinion the defendant suffered from insane delusions, and did not have sufficient mentality to comprehend the difference between right and wrong with reference to a crime connected with his delusions. It is insisted by counsel that this evidence was sufficient to overcome the presumption of sanity, and that, under the ruling of this court in *Handspike* v. *State,* 203 *Ga.* 115 (45 S. E. 2d, 662), a verdict of guilty was not authorized.

The facts in this case clearly distinguish it from *Handspike* v. *State,* supra. In the *Handspike* case a jury had previously passed upon the sanity of the accused, and had returned a verdict finding that he was insane. There was no subsequent adjudication that he had been restored to sanity. Under the rule in this State, a mental condition once proved to exist is presumed to continue. Code, § 38-118. This presumption, however, may be rebutted by proof. In the *Handspike* case the State did not offer any evidence to rebut the presumption of insanity. In the present case the defendant relies solely upon the expert testimony of a psychiatrist. While the opinion of Dr. Craig was competent evidence on the mental state of the defendant, his opinion was not conclusive upon the jury. Expert testimony is intended to aid the jury in arriving at the correct conclusion upon the issue made; but the jury is not bound by the opinion of experts, and may disregard it, or give such testimony credence or not, as it sees fit. *Merritt* v. *State,* 107 *Ga.* 675 (34 S. E. 361); *Wall* v. *State,* 112 *Ga.* 336 (37 S. E. 371); *Rouse* v. *State,* 135 *Ga.* 227 (69 S. E. 180); *Manley* v. *State,* 166 *Ga.* 563, 597 (19) (144 S. E. 170).

After a careful consideration of the statement of the defendant, the writer is inclined to the view that such a statement could come only from an irrational, illogical, and diseased mind; and had he been a member of the jury trying the defendant, he might have arrived at a different conclusion from that indicated

by the verdict rendered in this case. This court, however, has no opportunity to observe the manner of the defendant in making his statement. The law places the burden on the jury to evaluate the defendant's statement.

The jury in this case has made its verdict, and this court can not say that the testimony of the expert witness required the jury to find that the presumption of sanity had been overcome by a preponderance of the evidence. The court did not err in overruling the general grounds of the motion for new trial.

■ Ground 1 of the amended motion for new trial assigns error on the following extract from the charge of the court: "It is necessary where a defendant files his plea of insanity or delusional insanity as in this case, that he carry the burden of that plea by a preponderance of the evidence. So you look to the evidence in this case and determine whether or not he has carried the burden. If the defendant on trial has carried the burden by a preponderance of the evidence in the case, he should be acquitted."

It is contended that this charge unduly restricted the defendant's plea of self-defense and insanity, and gave the jury the impression that it was necessary for the defendant to carry the burden of proof by a preponderance of the evidence, and that the effect of the charge was to withdraw from the consideration of the jury the defendant's plea of self-defense.

In so far as the defendant relied upon his plea of insanity for an acquittal, the burden was on him to establish this plea by a preponderance of the evidence. *Allams* v. *State*, 123 *Ga.* 500 (51 S. E. 506). From a careful consideration of the whole charge, it conclusively appears that the language complained of was used solely in connection with the defendant's plea of insanity, and the jury should not have been confused or misled into applying this language to some other contention of the defendant. It was not error to overrule this ground of the motion for new trial.

■ Ground 2 of the amended motion assigns error on the failure of the court to instruct the jury specifically that, if they believed that the defendant was justified under the law, they should return a verdict of not guilty.

The Code, § 26-1017, provides: "The homicide appearing to

be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." Where the court in a general charge sufficiently presents justifiable homicide as a substantive defense, it is not error to fail to charge in the language of § 26-1017. *Taylor* v. *State*, 121 *Ga.* 348 (49 S. E. 303); *Vincent* v. *State*, 153 *Ga.* 278 (112 S. E. 120).

In the present case, however, the charge does not specifically, or in general terms, inform the jury that, if they should believe the defendant justified, it would be their duty to acquit him. While the court charged certain principles of law connected with justifiable homicide in voluntary manslaughter and mutual combat, no explanation was made as to when these principles would be applicable; and the court did not clearly inform the jury as to what the verdict should be if they should find the defendant justified. The defendant relied on a plea of self-defense, and the evidence and the defendant's statement made justifiable homicide an issue in the case, requiring a full charge thereon.

Justifiable homicide is, in law, a substantive and affirmative defense; and if the jury should find it supported by fact, the accused should be acquitted without reference to the evidence which apparently tended to convict him of murder or voluntary manslaughter. *Waller* v. *State*, 102 *Ga.* 684 (28 S. E. 284). In the recent case of *Fountain* v. *State*, 207 *Ga.* 144 (60 S. E. 2d, 433), this court reaffirmed the rule in *Waller* v. *State*, supra, and held that it was error for the court to fail to charge the principle of law embodied in the Code, § 26-1017.

In this case, as was said in *Waller* v. *State*, supra, "the omission complained of was evidently the result of an oversight upon the part of the learned judge who presided in this case, but it was nevertheless effectual to withdraw from the jury the consideration of his theory of justifiable homicide as a separate, substantive defense to the indictment."

It was error to overrule this ground of the amended motion.

*Judgment reversed. All the Justices concur.*