25116. CARTER v. THE STATE.

ALMAND, Presiding Justice. On September 10, 1968, the appellant was placed on trial for murder in the Superior Court of Coweta County. The jury returned a verdict of guilty with a recommendation of mercy, and she was sentenced to life imprisonment.

Appellant based her defense on the general ground of insanity. She appeals from the verdict on the ground that the verdict is contrary to both the law and the evidence. More particularly, she urges that her motion for a new trial should have been granted because the defense introduced evidence sufficient to overcome the presumption of sanity, and there was no rebuttal evidence offered by the State. Appellant cites, in support of her contention, the case of *Handspike v. State*, 203 Ga. 115 (45 SE2d 662).

Appellant has misconstrued the *Handspike* opinion, which was written by Mr. Justice Head. Subsequently, in the case of *Boyd v. State,* 207 Ga. 567 (63 SE2d 394), a full bench decision, Mr. Justice Head clearly defined the limits which apply to the *Handspike* case. The *Boyd* opinion pointed out that in *Handspike,* a jury had previously found the defendant insane, and there was no subsequent adjudication that he had been restored to sanity. *Code* § 38-118 states that a mental condition, once proved to exist, is presumed to continue. Thus, in *Handspike,* the verdict of guilty was reversed because the State had failed to introduce any evidence to overcome the presumption *established by the prior adjudication of insanity.*

In the instant case, as well as the *Boyd* case, there was no prior adjudication of insanity, so that the presumption existing at the time of the trial was one of sanity, rather than insanity.

In a subsequent full bench decision, this court has clearly adopted the view set out in the *Boyd* case: "Several expert witnesses who testified for the defendant stated that he was insane at the time of the shooting. There was no positive testimony as to the sanity of the defendant at the time of the shooting. However, under the ruling in *Boyd v. State,* 207 Ga. 567, supra, the jury is free to reject the testimony of expert witnesses as to the sanity of the accused and rely instead on the presumption of sanity. Under this ruling the jury could properly find that the defendant was sane even though there was no positive testimony to that effect." *Fields v. State,* 221 Ga. 307, 308 (144 SE2d 339). Appellant's contention is without merit.

Having read the entire record in this case, it is our determination that the verdict is supported by the law and the evidence.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 14, 1969—DECIDED MAY 22, 1969.

*J. Clifford Johnson,* for appellant.

*Eldridge W. Fleming, District Attorney, Fred A. Gilbert, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Larry H. Evans,* for appellee.