## 30359, 30360. GILBERT v. THE STATE (two cases).

HALL, Justice.

Gilbert appeals from his June 17, 1975, conviction and sixteen-year prison sentence for armed robbery. The evidence was sufficient to show that he committed the armed robbery; the only question on appeal is whether the evidence supports the finding of the trial court that he was sane at the time of the offense.

Gilbert entered a plea of "not guilty," which encompasses the defense of "not guilty by reason of insanity," and waived a trial by jury. The evidence shows that he was previously indicted for rape, filed a special plea of insanity, and on November 26, 1973, was found to be insane and committed to the Central State Hospital at Milledgeville, "to remain until discharged in the manner prescribed by law." He testified that he received shock treatments and medication at the hospital and was released after a few months. At the close of the evidence, the trial court stated, "It was the observation of the court during the course of this trial the defendant seems sane and certainly competent to stand trial. I see no indication of insanity at all."

The trial began with the rebuttable presumption (Code § 26-606) that Gilbert was sane, and this presumption is evidence. *Fields v. State,* 221 Ga. 307 (1) (144 SE2d 339). However, once the certified copy of the insanity order of November 26, 1973, was introduced into evidence, a counter-presumption was raised under Code § 38-118 because a mental condition once proved to exist is presumed to continue. *Boyd v. State,* 207 Ga. 567, 569 (63 SE2d 394). On the question of conflicting presumptions, the stronger (Code § 38-118) prevails over the weaker (Code § 26-606). 11 EGL 385, Evidence, § 143 (1967). See *Handspike v. State,* 203 Ga. 115 (45 SE2d 662). Either presumption can, of course, be rebutted by evidence of the mental condition of the accused at the time of the offense, or that before and after the offense which tends to show his condition at the time of the offense. *Flanagan v. State,* 103 Ga. 619 (4) (30 SE 550). As we wrote in *Boyd,* explaining *Handspike,* prior to the adoption of the 1969

Hospitalization of the Mentally Ill Act (Code Ann. Ch. 88-5), this court held that in the absence of a "subsequent adjudication that he had been restored to sanity" the adjudicated mental condition is presumed to continue. Since 1969, the law (Code Ann. § 88-506.7) provides that the state hospital may release a patient under criminal charges to the custody of the proper peace officer when the patient is found by the superintendent no longer to meet the criteria of Code Ann. § 88-506.1, which is that the patient is "mentally ill and is (a) likely to injure himself or others if not hospitalized or (b) incapable of caring for his physical health and safety." We hold that Gilbert's administrative release under the 1969 law canceled the continuing presumption under Code § 38-118 although the prior adjudication is evidence tending to show his mental condition and can be considered by the fact finder. Accord, *Brackett v. State,* 227 Ga. 493 (181 SE2d 380).

While here the transcript does not contain any release order, Gilbert testified he was released by the state hospital and does not claim any irregularity therein. Therefore, the presumption of sanity, his release by the state hospital, and the judge's observations of him during the trial, support the judgment of the trial court that he was sane at the time of the offense.

*Judgment affirmed. All the Justices concur, except Jordan and Ingram, JJ., who concur in the judgment only.*

SUBMITTED SEPTEMBER 26, 1975 — DECIDED OCTOBER 21, 1975 — REHEARING DENIED NOVEMBER 4, 1975.

*Eric Welch,* for appellant.

Joseph Gilbert, *pro se.*

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler,* for appellee.