## 32455. DURHAM v. THE STATE.

MARSHALL, Justice.

Appellant, King David Durham, prosecutes this appeal from his conviction of murder in Ware County. For this offense he was sentenced to life in prison.

On the morning of March 9, 1976, shortly after 3 a.m., appellant came to the apartment of a neighbor in Waycross and stated that he had killed his wife. Appellant requested that the neighbor shoot him. When the neighbor declined to do so, appellant left. The neighbor called the police.

A police officer, responding to the call, arrived in the area and found the appellant walking away from the scene of the crime. When stopped by the officer, appellant told him that he had killed his wife. The officer, in the company of the appellant, returned to appellant's apartment where they observed the body of a black female with a knife handle protruding from the chest. Appellant was placed under arrest at this time and advised of his constitutional rights.

The entire blade (seven and one-half inches) of the knife was in the chest of the victim. The body had suffered two stab wounds which had penetrated the lungs and an artery. A fractured skull, caused by two blows to the head, was also discovered.

Appellant admitted killing his wife. Prior to trial, appellant entered a special plea of insanity. Appellant later withdrew that plea, but stood for trial on the ground of not guilty by reason of insanity.

In support of his plea of insanity, appellant presented the testimony of numerous witnesses. Prior to the trial, appellant had been taken to Central State Hospital where he was examined by a licensed forensic psychiatrist specializing in treatment of the criminally insane. That psychiatrist testified that the appellant lacked both the ability to distinguish right from wrong and the ability to control his actions at the time of the homicide. A staff psychiatrist for the Ware County Mental Health Clinic also testified that appellant did not know the difference between right and wrong. The county physician testified as to his opinion that appellant was psychotic.

Other witnesses for the defense testified as to appellant's unusual activities at the time of the killing. Despite this testimony, however, the jury found appellant guilty of murder, and he received a sentence of life imprisonment. We affirm.

1. Appellant enumerates as error the failure of the jury to return a verdict consistent with the evidence of appellant's insanity. Such a contention can arise only from a misunderstanding of the jury's options in passing upon evidence of appellant's sanity.

Georgia law presumes the sanity of an accused. Code Ann. § 26-606 (Ga. L. 1968, p. 1270); *Carter v. State,* 225 Ga. 310 (168 SE2d 158) (1969). Alternatively, the law presumes the continued existence of a mental state once proved to exist. Code § 38-118; *Boyd v. State,* 207 Ga. 567 (63 SE2d 394) (1951). Thus, in *Handspike v. State,* 203 Ga. 115 (45 SE2d 662) (1947), this court recognized the obligation of the state to rebut the presumption of insanity which arose after a jury at a special hearing on insanity had found the defendant insane and incompetent to stand trial. The presumption of insanity has been found to arise only after such a jury finding of insanity, however. The presumption of sanity prevails even after a commitment to a mental institution if the accused has been released from that institution. *Ross v. State,* 217 Ga. 569 (124 SE2d 280) (1962); *Gilbert v. State,* 235 Ga. 501, (220 SE2d 262) (1975).

When the defense of insanity has been made under the general plea of not guilty, the defendant is still presumed sane, except in the limited circumstances noted above. The defendant bears the burden of showing, by preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime. *State v. Avery,* 237 Ga. 865 (230 SE2d 301) (1976); *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267) (1975); *Rozier v. State,* 185 Ga. 317 (195 SE 172) (1938). The constitutional validity of placing upon the defendant the burden of proving his insanity has been recognized by the United States Supreme Court. *Patterson v. New York,* — U. S. — (97 SC 2319, 53 LE2d 281) (1977).

The appellant here entered his trial with a presumption of sanity. He presented evidence, including

the testimony of experts, that at the time of the murder he was both unable to distinguish right from wrong and, even if he were able to so distinguish, he could not control an impulse to do wrong. The jury rejected this contention, and it was within its province to do so. In Georgia, presumptions of sanity do not dissipate on the presentation of evidence to the contrary. *Johnson v. State,* 235 Ga. 486 (220 SE2d 448) (1975). Jurors are free to reject the testimony of lay or expert witnesses as to the sanity of the accused, and to rely on the presumption of sanity. *Carter v. State,* supra; *Johnson v. State,* supra.

The jury's determination as to appellant's sanity was also supported by evidence which, although less than overwhelming, is consistent with its verdict. Police officers testified that, at the time of his arrest, the appellant was coherent and indicated comprehension of his Miranda rights. Although despondent, he was communicative with the officers and correctly gave his name and address. Appellant was at all times aware of what had transpired. His request to a neighbor to shoot him because he had just killed his wife is not completely consistent with allegations that he did not know right from wrong. These facts, in conjunction with the continued presumption of sanity, were sufficient to support the jury's verdict.

2. Appellant enumerates as error the denial of his statutory right to the individual voir dire of each potential juror. Appellant attempted to ask if each juror would be able to follow the instructions of the court as to the insanity issue, even if that instruction were contrary to an individual's belief of what the law should be. The court directed that the question be asked of the jurors as a group, and appellant acquiesced in that order. Proper objection was not made to preserve the issue for appeal, and we find no error.

3. Enumeration of error 8 is the denial of the appellant's request to examine a written police report, which was not in the courtroom, and from which the state's witness, who had written the report, was testifying from memory. Enumeration of error 22 is the trial judge's failure to have the written report placed under seal for further inspection as requested by defense counsel, the

district attorney having no objection. The report is not in the record on appeal.

(a) Even assuming that the defendant was entitled to examine the report under these circumstances, neither at trial nor on appeal has the appellant alleged the injury which he suffered as a result of this denial. (As to the right to examine the report, see *Shouse v. State,* 231 Ga. 716 (5) (203 SE2d 537) (1974)).

The trial judge treated the defendant's request as a "Brady motion," examined the report in camera, and ruled that he found nothing exculpatory therein. In Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), the Supreme Court of the United States stated, "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U. S. at p. 87. There has been no indication by the appellant of what "evidence favorable to the accused" might be present in that report. The trial judge's discretionary ruling on the lack of exculpatory matter in the prosecution's file established that as a fact absent a counter-showing. Appellant bears the burden of demonstrating that the lack of information so impaired his defense that he was denied a fair trial. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974). Such a showing has not been made, and we find no error.

(b) The appellant cannot now be heard to complain that the report was not in fact sealed in spite of the trial judge's apparent agreement to do so and the prosecution's lack of objection thereto. If this was not thereafter done, defense counsel should have persevered and insisted that it be done. His failure to do so amounted to a waiver.

4. Appellant enumerates as error the failure of the court to grant a mistrial on its own motion when a previously undisclosed police report was first discovered and then ruled inadmissible. We find this enumeration to be groundless. Appellant made no objection to the refusal to admit this report. Appellant made no such request for mistrial at the time of discovery nor did he state to the trial judge the prejudice resulting to him from nondisclosure. *Hicks v. State,* supra.

5. Appellant enumerates as error the sustaining of the district attorney's objections to questions regarding treatment to be given appellant in the hospital if found not guilty by reason of insanity. Such information is not pertinent to the jury's determination of guilt or innocence (*Hulsey v. State,* 233 Ga. 261 (210 SE2d 797) (1974); *Pierce v. State,* 231 Ga. 731 (204 SE2d 159) (1974)), and to prohibit discussion before the jury of that treatment is within the trial court's discretion.

6. Appellant enumerates as error the ineffective assistance of counsel which resulted from the failure of counsel to file a challenge to the array of the grand jury. We find no validity to this enumeration.

In *Sanders v. State,* 237 Ga. 858 (230 SE2d 291) (1976), this court upheld a challenge to the Ware County Grand Jury which had indicted the defendant in that case. Appellant here was indicted by the same grand jury, but interposed no objection to the composition of that body at the time of his indictment.

The proper method for raising objections to the composition of the grand jury is a challenge to the array before the indictment is returned. One exception to this rule arises where the defendant has no knowledge of the illegality of composition prior to indictment. *Estes v. State,* 232 Ga. 703 (208 SE2d 806) (1974); *Simmons v. State,* 226 Ga. 110 (172 SE2d 680) (1970); *Wooten v. State,* 224 Ga. 106 (160 SE2d 403) (1968). The burden is on the defendant to demonstrate his lack of knowledge of the illegality of the grand jury's composition. No such demonstration was made here.

Faced by this clear rule of Georgia law, appellant has attempted an "end run" by alleging ineffective assistance of counsel in failing to object to the grand jury composition. In *Barrow v. State,* 239 Ga. 162 (1977), this court upheld a challenge to the grand jury on somewhat similar grounds. The attorney in that case made a conscious decision not to challenge the grand jury array, not because he thought it best served his client's interest to so act, but from fear of adverse community reaction to himself. Appellant in the case at bar alleges mere oversight in failing to challenge the grand jury. Such a mistake does not warrant a finding of ineffective

assistance of counsel, however. The law does not require perfection of counsel, nor will it permit circumvention of recognized rules of appeal.

7. The other enumerations of error have been reviewed and found to be without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977 — REHEARING DENIED SEPTEMBER 28, 1977.

*J. Greg Wolinski, Bennett, Pedrick & Bennett, E. Kontz Bennett, Jr.,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.