**Hamp GRACE, Petitioner-Appellee,**

**v.**

**Joseph HOPPER, Warden, Georgia State Prison, Reidsville, Georgia, Respondent-Appellant.**

No. 77-1728.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1978.

Rehearing Denied Feb. 15, 1978.

pare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a). Entry of the judgment shall not be delayed for the taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.

Arthur K. Bolton, Atty. Gen., G. Stephen Parker, Robert S. Stubbs, II, Richard L. Chambers, John C. Walden, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

James C. Bonner, Jr., Legal Aid & Defender Society, Athens, Ga., for petitioner-appellee.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

THORNBERRY, Circuit Judge:

This is a habeas corpus case brought pursuant to 28 U.S.C. §§ 2241, 2254, in which the district court granted the writ. Subsequent decisions of the United States Supreme Court and the Supreme Court of Georgia, of which the district court did not have benefit, convince us that the judgment of that court must be reversed.

Hamp Grace was convicted of murder in a jury trial and sentenced to life imprisonment. His sole defense was that he was insane at the time of the killing, and the trial court instructed the jury that he had the burden of establishing insanity to the "reasonable satisfaction of the jury."[1] The court also charged that even if the defendant did not carry the burden of establishing his insanity, the jury should consider evidence touching the alleged insanity in connection with all the other evidence in the case, and, if in view of all the evidence the jury entertained a reasonable doubt as to guilt, it should acquit.

On direct appeal Grace unsuccessfully argued that his psychiatric discharge as "other than restored" from a mental institution required the State to assume the burden of proving his sanity. *Grace v. State,* 231 Ga. 113, 200 S.E.2d 248 (1973). In state habeas proceedings Grace raised the issue of whether the state could constitutionally charge him with the burden of proving his sanity in light of *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), in which the Court held that Maine could not constitutionally require a murder defendant to negate malice, an element of the crime charged, by proving that he acted in the heat of passion. The Georgia Supreme Court again upheld the conviction,

---

1. The charge read, in pertinent part:

   The defendant also sets up as a defense the plea that he was of unsound mind and irresponsible at the time of the alleged offense. I charge you that under the law of this State every person is presumed to be of sound mind and discretion but the presumption may be rebutted. . . . And when in a criminal trial the defendant sets up as a defense that he was insane, the burden is upon him to establish this defense, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury.

relying on *Leland v. Oregon,* 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952), which holds that a state can, consistent with due process, require a defendant to prove his insanity beyond a reasonable doubt. Pointing to a concurring opinion in *Mullaney* by Justice Rehnquist and Chief Justice Burger, the Georgia court concluded that *Mullaney* did not affect *Leland. Grace v. Hopper,* 234 Ga. 669, 217 S.E.2d 267 (1975), *cert. denied,* 423 U.S. 1066, 96 S.Ct. 806, 46 L.Ed.2d 657 (1976).

The district court, however, determined that *Mullaney* governed the instant case and held that when there is some evidence contesting the defendant's mental capacity, the state must prove beyond a reasonable doubt that the defendant has the mental capacity required by state law. *Grace v. Hopper,* 425 F.Supp. 1355, 1361 (M.D.Ga. 1977). The state brought this appeal.

The Supreme Court confirmed the validity of *Leland v. Oregon, supra,* when it dismissed, as not raising a substantial federal question, a case in which the appellant specifically challenged the continuing vitality of the *Leland* decision. *Rivera v. Delaware,* 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976). There the Delaware Supreme Court upheld appellant's conviction despite his contention that a Delaware statute was unconstitutional because it burdened him with proving his affirmative defense of insanity by a preponderance of the evidence.

More recently, in a case handed down after the district court's decision in the instant case, the Court stated unequivocally that "[w]e are unwilling to reconsider *Leland* and *Rivera." Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 2325, 53 L.Ed.2d 281 (1977). In *Patterson* the Court upheld a conviction for second-degree murder under a New York statute providing for an affirmative defense of "extreme emotional disturbance." In rejecting the con-

tention that the statute was invalid under *Mullaney,* the Court said:

> In convicting Patterson under its murder statute, New York did no more than *Leland* and *Rivera* permitted it to do without violating the Due Process clause. Under those cases, once the facts constituting the crime are established beyond reasonable doubt, based on all the evidence of the defendant's mental state, the State may refuse to sustain the affirmative defense of insanity unless demonstrated by a preponderance of the evidence.

*Id.* Grace seeks to distinguish *Rivera* and *Patterson,* however, on the basis that they involved state statutes that cast on the defense explicit burdens of proving particular insanity defenses and that these defenses were "true" affirmative defenses under state law. As he points out, the question whether the *Leland* line of cases should control instead of *Mullaney* "turns fundamentally upon the nature of insanity under Georgia law in a prosecution for murder." Appellee's supplemental brief, at 6. We now turn to that inquiry.

The states treat the insanity defense in different fashions; slightly more than half place the burden of disproving insanity on the prosecution, while the others place the burden of proving insanity on the defendant. *See Patterson v. New York, supra,* 432 U.S. at 207, 97 S.Ct. at 2326 n.10. Until recently, the Georgia situation has been less than crystal clear, primarily because the state's criminal statutes, unlike those of many states, do not specifically label insanity an affirmative defense. *See* Ga.Code Ann. §§ 26–702, 26–703.

Grace contends that sanity is an element of the offense of murder, provable by the state beyond a reasonable doubt. He relies on the Georgia murder statute,[2] which requires a specific intent, and cases stating

---

**2.** Ga.Code Ann. § 26–1101(a) provides:

A person commits murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being. Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof. Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart.

that an insane person lacks the requisite intent.[3]

More recent cases have indicated that a presumption of sanity exists under Georgia law and that an accused must prove insanity by a preponderance of the evidence,[4] and in a decision handed down seven months after the district court's decision in this case, the Georgia Supreme Court spelled out in considerable detail the nature of the insanity defense under state law. Writing for a unanimous court in *Durham v. State,* 239 Ga. 697, 238 S.E.2d 334 (1977), Justice Marshall said:

Georgia law presumes the sanity of an accused. Alternatively, the law presumes the continued existence of a mental state once proved to exist. * * * [T]his court [has] recognized the obligation of the state to rebut the presumption of insanity which arose after a jury at a special hearing on insanity had found the defendant insane and incompetent to stand trial. The presumption of insanity has been found to arise only after such a jury finding of insanity, however. The presumption of sanity prevails even after a commitment to a mental institution if the accused has been released from that institution.

When the defense of insanity has been made under the general plea of not guilty, the defendant is still presumed sane, except in the limited circumstances noted above. The defendant bears the burden of showing, by preponderance of the evidence, that he was not mentally responsible at the time of the alleged crime. The constitutional validity of placing upon the defendant the burden of proving his insanity has been recognized by the United States Supreme Court. [citations omitted.]

*Id.* at 336.

It is now clear that under Georgia law, insanity is an affirmative defense that the accused must prove by a preponderance of the evidence. Therefore, we must apply *Leland* and its progeny,[5] and in doing so we reach the inescapable conclusion that the Georgia rule suffers from no constitutional infirmity.[6]

Grace also contends that the trial court's insanity instructions were so contradictory and confusing as to deny him due process. He specifically complains of that portion of the instruction telling the jury that even if the accused had failed to carry his burden of proof, they should still "consider the evidence touching the alleged insanity in connection with the other evidence" and to acquit if they harbored a reasonable doubt of his guilt. Grace raised

---

**3.** *E. g. Long v. State,* 38 Ga. 491 (1868); *Handspike v. State,* 203 Ga. 115, 45 S.E.2d 662 (1947). Grace also points to cases holding that a plea of not guilty is sufficient to raise the issue of insanity and that a special plea is not required. *E. g., Chenault v. State,* 234 Ga. 216, 215 S.E.2d 223 (1975); *Abrams v. State,* 223 Ga. 216, 154 S.E.2d 443 (1967).

**4.** *E. g., Grace v. Hopper,* 234 Ga. 669, 217 S.E.2d 267 (1975); *State v. Avery,* 237 Ga. 865, 230 S.E.2d 301 (1976); *Riggins v. State,* 226 Ga. 381, 174 S.E.2d 908 (1970). *See also McKethan v. State,* 201 Ga. 23, 39 S.E.2d 15 (1946); *Rozier v. State,* 185 Ga. 317, 195 S.E. 172 (1938).

**5.** State courts, of course, are the "ultimate expositors of state law," and, except in extreme circumstances, "we are bound by their constructions." *Mullaney v. Wilbur,* 421 U.S. 684, 691, 95 S.Ct. 1881, 1886, 44 L.Ed.2d 508 (1975). No such circumstances exist here, for there is no indication that the state court's interpretation is an "obvious subterfuge" to frustrate

consideration of the federal due process issue. *See id.* at n. 11.

**6.** We note that under *Durham* the Georgia practice is quite similar to the Delaware statutory scheme upheld by the Supreme Court in *Rivera.* The fact that the Georgia rule is not embodied in a statute can hardly be deemed significant, nor can be the absence of the term "affirmative defense" from the *Durham* opinion and the Georgia statutes. For us the dispositive element is the presumption of sanity that operates to shift the burden of proof to the accused. Even if the Georgia statutes make sanity part of the intent element of the state's case, the judicially recognized presumption of sanity removes it from that element and makes it a burden to be carried by the accused. Viewed in this light, insanity is a classic affirmative defense offered in justification for the crime. *See United States v. Parr,* 516 F.2d 458, 466 (5 Cir. 1975); McCormick on Evidence § 341 (Cleary ed. 1972).

this issue in the district court and in his state habeas proceedings, .but neither the district court nor the Georgia Supreme Court specifically addressed it.[7] Viewing the charge not in artificial isolation but as a whole, *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), we cannot say that it fell below the constitutional threshold of a fourteenth amendment violation.[8]

REVERSED.

7. Having granted the writ on the burden of proof issue, the district court obviously had no need to consider this contention. The Georgia court's plurality opinion notes the argument but does not treat it *per se*, though the court obviously found no due process violation.

8. The challenged language, though somewhat ambiguous, seems to suggest only that the jury, even after finding that the defendant had failed to carry his burden of proving insanity, could nonetheless consider the insanity evidence in determining whether a reasonable doubt existed. It thus appears helpful—rather than harmful—to the defendant.