## 56853. PENNEWELL v. THE STATE.

BANKE, Judge.

The defendant appeals the judgment of the superior court returning him to the custody of the Department of Human Resources.

The defendant was charged with arson and found not guilty by reason of insanity. In compliance with Code Ann. § 27-1503 (a), the trial judge ordered him confined to a state mental hospital for a period of not less than 30 days. At the end of this 30-day period, the Department of Human Resources applied for the defendant's release on the ground that he did not meet the criteria for civil commitment as set forth in Code Ann. Ch. 88-5. After a hearing, the trial judge denied the application for release and ordered the defendant returned to the custody of the Department of Human Resources.

1. At the time of the hearing, the criteria for judicial hospitalization was that a person be "mentally ill and . . . (a) likely to injure himself or others if not hospitalized or (b) incapable of caring for his physical health and safety." See Ga. L. 1969, pp. 505, 531 (former Code Ann. § 88-507.1, repealed by Ga. L. 1978, pp. 1789, 1793).[1]The trial judge found that the defendant satisfied these criteria. The defendant in his first enumeration of error contends that the evidence did not support the judge's findings.

_____

[1]New Code Ann. § 88-501 (v) (eff. Sept. 1, 1978) provides that a " 'Mentally ill person requiring involuntary treatment' means a person who is mentally

The only witness called to testify at the hearing was Dr. Timothy Golumbeck, a psychiatrist at Georgia Mental Health Institute, the facility in which the defendant had been placed for the 30-day evaluation period. Dr. Golumbeck testified that the defendant suffered from a "mental condition" or an "abnormal variation of mental life" as opposed to a "mental illness" of organic origin. He testified that the defendant needed on-going psychiatric care in order to improve, but that he had refused to participate in such treatment. He also testified that the defendant was a danger to himself in that his frequent use of abusive language might provoke others to inflict physical injury on him. Nevertheless, Dr. Golumbeck recommended that the defendant be released from the custody of the Department of Human Resources, mainly because of the department's inability to provide the type of treatment he needed.

Because of the previous adjudication finding the defendant not guilty by reason of his insanity, a presumption of (the defendant's) insanity existed at the commencement of the hearing. See Code § 38-118; *Boyd v. State,* 207 Ga. 567 (1) (63 SE2d 394) (1951); *Gilbert v. State,* 235 Ga. 501 (220 SE2d 262) (1975); *Durham v. State,* 239 Ga. 697 (1) (238 SE2d 334) (1977). Dr. Golumbeck's testimony, while opposing categorization of the defendant's condition as "mental illness," failed to rebut this presumption of insanity. On the contrary, it established that at the time of the hearing the defendant continued to suffer from a serious psychiatric disorder. See generally *Carter v. State,* 225 Ga. 310 (168 SE2d 158) (1969); *Johnson v. State,* 235 Ga. 486 (2) (220 SE2d 448) (1975); *Durham v. State,* supra; *Potts v. State,* 241 Ga. 67 (13) (243 SE2d 510) (1978).

Code Ann. § 27-1503 (a) provides that "A person

ill and (1) who presents a substantial risk of imminent harm to himself or others as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to himself or to other persons, or (2) who is so unable to care for his own physical health and safety as to create an imminently life-endangering crisis."

committed to the Department of Human Resources pursuant to this section shall not be released from confinement unless and until the court which committed him, after notice and hearing, shall find and determine that such person does not meet the criteria for civil commitment under Chapter 88-5 or 88-25, as now or hereafter amended." Dr. Golumbeck's testimony that the defendant's condition created a risk of personal injury to himself was undisputed, and the evidence did not establish as a matter of law that the defendant was no longer mentally ill, i.e., that he no longer had "a psychiatric disorder which substantially impairs" his mental health (see Ga. L. 1969, pp. 505, 506, repealed by Ga. L. 1978, pp. 1789, 1790).[2] Accordingly, the trial judge did not err in remanding him to custody.

2. In his second enumeration of error, the defendant contends that the trial judge erred in not permitting him to make a statement on his own behalf at the time of the hearing. The defendant entered no objection to this ruling; and, consequently, we are unable to review it. See *Johnson v. State,* 130 Ga. App. 704 (6,7) (204 SE2d 302) (1974); *Cowart v. Ga. Hospital Service Assn.,* 135 Ga. App. 45 (1) (217 SE2d 379) (1975). The court notes also that the defendant has not presented any argument or citations of authority in support of his contention that a criminal defendant's right to testify (Code §§ 38-415, 27-405) should apply at a Code Ann. § 27-1503 (b) commitment release hearing.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED JANUARY 5, 1979.

*Boling & Rice, Larry H. Boling,* for appellant.

---

[2]The new Code Ann. § 88-501 (a) (eff. Sept. 1, 1978) defines mental illness as "a disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life."

*Frank C. Mills, District Attorney, Rafe Banks, III, Assistant District Attorney,* for appellee.