DENNIS, Justice,
dissenting.
I respectfully dissent.
Although it is correct that under present Louisiana law a defendant is presumed to have the mental capacity to proceed until he shows by a preponderance of the evidence that he in fact lacks competency, State v. Sheppard, 350 So.2d 615 (La.1977), once he proves at an initial sanity hearing that he is incapable of assisting in his defense, he should be presumed incapable until the state proves otherwise by a preponderance of the evidence. A subject matter once established is presumed to have continued. La.R.S. 15:432. A mental condition once proved to exist, therefore, is presumed to continue. See, e. g., Gilbert v. State, 235 Ga. 501, 220 S.E.2d 262 (1975). In this record the state failed to destroy the presumption of mental incapacity, and the trial judge failed to make an independent evaluation of the defendant’s capacity at the second hearing. See State v. Bennett, 345 So.2d 1129 (La.1977).
*1307 Furthermore, the rule that at the original sanity hearing the defendant must prove by a preponderance of the evidence that he lacks the mental capacity to proceed, itself, is questionable. Due process of law arguably requires that, once the defendant shows some evidence of insanity, the burden of proving his mental capacity to proceed shifts to the state. See United States v. DiGilio, 538 F.2d 972 (3d Cir. 1976).