## 61196. BROOKS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted for burglary. Prior to trial and upon motion for psychiatric treatment and evaluation it was determined that he was suffering from a mental disorder of long standing. Whereupon a plea of mental incompetency to stand trial (special plea of insanity) under Code Ann. § 27-1502 (Ga. L. 1977, pp. 1293, 1296) was made and heard by the court, the defendant having waived trial by a special jury. The special plea was sustained and the defendant was transferred to Central State Hospital there to remain until discharged in the manner prescribed by law.

Upon his return to the custody of the court for disposition of the charges against him he was tried, convicted and sentenced to serve a term of 15 years. Defendant has filed a motion for new trial based upon the general grounds which was denied after a hearing. Defendant appeals. *Held:*

The sole enumeration of error is that the trial court erred in

failing to grant the defendant a new trial on the ground that the verdict was contrary to the weight of the evidence. Defendant's argument is that under the authority of *Handspike v. State,* 203 Ga. 115 (45 SE2d 662), the evidence clearly shows that the defendant was insane at the time of the commission of the crime. The *Handspike* case holds that where the defendant pleads insanity at the time of the crime and as a defense introduces evidence sufficient to overcome the presumption of sanity, and there is no evidence that he was sane at the time of the commission of the offense, a verdict of guilty is unauthorized. In that case the defendant entered a special plea, that is, unable to understand the nature of the charge against him and unable to advise his counsel regarding his defense. It there stated that the jury trying the issue found in favor of the plea, "thus adjudicating that the defendant was insane at that time." However, that case has been many times distinguished by the Supreme Court although it has not been overruled. The latest Supreme Court case we have examined is that of *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916).

In the case sub judice the trial court, without the intervention of the jury, a trial by a special jury having been waived by the defendant, found that the defendant was mentally incompetent under Code Ann. § 27-1502, supra, that is, his special plea of insanity was sustained. He was then returned by Central State Hospital after being given a diagnosis of schizophrenic paranoid type, that his mental condition had stabilized and he was now aware of his legal situation and he could communicate in a rational manner to aid in his defense; that in the opinion of the medical director he was competent to stand trial. However, the same doctor was called as a witness for the defense who testified as a medical expert in psychiatry as to the mental illness with which the defendant was suffering, with a diagnosis of paranoia schizophrenia; but that he was now competent to stand trial although he had not been competent when he first examined him. He further testified that *in his opinion* the defendant "was unable to distinguish between right and wrong when the offense was committed," that is, this was a strong probability ascertained by him during his treatment.

Another medical expert witness was called for the defense who had examined the defendant shortly after the crime whose diagnosis was the same and that he was not competent to stand trial and that he was such a dangerous patient that he would not permit him to be a patient in his regional hospital after evaluation. However, he expressed no expert opinion as to his condition at the time the crime was committed. The state lay witnesses also testified as to his mental condition when he was arrested at the scene of the crime. No one. expressed an opinion that he was in any way sane. Thus if we follow

the decision in *Handspike v. State,* 203 Ga. 115, supra, based upon *Wilson v. State,* 9 Ga. App. 274, 281 (1) (70 SE 1128), it would appear that the presumption of sanity had been overcome. However, as previously noted above, the Supreme Court, while not overruling *Handspike,* in many decisions has distinguished it. In *Moses v. State,* 245 Ga. 180, 181, supra, we find the following language: "Jurors are not bound by the opinions of either lay witnesses or expert witnesses as to the question of sanity and they may rely on the basic presumption existing under our law. *Carter v. State,* 225 Ga. 310 (168 SE2d 158) (1969); *Johnson v. State,* supra [235 Ga. 486 (220 SE2d 448) (1975)]. The jury is free to reject expert testimony as to sanity and may find an accused sane even without positive testimony as to sanity. *Fields v. State,* 221 Ga. 307, 308 (1) (144 SE2d 339) (1965)." The court in the *Moses* case then concludes that although "an issue of insanity was presented to the jury they could under our law reject the testimony of the expert witness and rely on the general presumption of sanity . . ." The Supreme Court then, in considering the evidence in full, concluded that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt. Consequently, we find ourselves controlled by this most recent decision of the Supreme Court despite the fact that no evidence has been produced other than the legal presumption that defendant was sane at the time of the burglary. The jury was fully charged on the law as to sanity and insanity and reached a verdict of guilty as charged. The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 24, 1981 —

*Barry R. Chapman,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.