## 37524. BROOKS v. THE STATE.

UNDERCOFLER, Justice.

We granted certiorari in this case[1] to resolve an apparent conflict in our criminal cases which address the presumption of sanity.

---

[1] *Brooks v. State,* 157 Ga. App. 650 (278 SE2d 465) (1981).

*Handspike v. State,* 203 Ga. 115 (45 SE2d 662) (1947) holds, as stated in the headnote, "When the defendant in a murder case pleads insanity at the time of the homicide, as a defense, and introduces evidence sufficient to overcome the presumption of sanity, and there is no evidence that he was sane at the time of the commission of the offense, a verdict of guilty is unauthorized." On the other hand, cases exemplified by *Moses v. State,* 245 Ga. 180, 181 (263 SE2d 916) (1980) hold, "Jurors are not bound by the opinions of either lay witnesses or expert witnesses as to the question of sanity and they may rely on the basic presumption existing under our law. [Cits.] The jury is free to reject expert testimony as to sanity and may find an accused sane even without positive testimony as to sanity. [Cits.]"

*Handspike v. State,* supra, was distinguished in *Boyd v. State,* 207 Ga. 567 (63 SE2d 394) (1951) by the same author. It was held there that Handspike had previously been found to be insane by a jury on a special plea of insanity and there was no adjudication prior to trial that he had been restored to sanity, and thus the mental condition once proved to exist was presumed to continue subject to being rebutted by proof. See *Carter v. State,* 225 Ga. 310 (168 SE2d 158) (1969); *Johnson v. State,* 235 Ga. 486, 490 (220 SE2d 448) (1975).

In *Ross v. State,* 217 Ga. 569, 570 (124 SE2d 280) (1962), the defendant, after being found insane on a special plea, ". . . was released back to the Dougherty County authorities for trial, pursuant to law." This court held there is a presumption ". . . that the defendant was restored to sanity after being 'discharged in the manner prescribed by law.' " See *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (1973); *Gilbert v. State,* 235 Ga. 501 (220 SE2d 262) (1975); *Durham v. State,* 239 Ga. 697 (238 SE2d 334) (1977).

It should be noted that there is a difference in the issues raised by a special plea of insanity at the time of the trial and a general plea of not guilty by reason of insanity. The special plea is an inquiry into whether the defendant at the time of trial is capable of understanding the nature and object of the proceedings against him and is capable of assisting his attorney with his defense. The general plea is an inquiry into whether the defendant could distinguish right from wrong at the time of the crime.

After a careful review of the above cases we conclude that *Handspike v. State,* supra, has been overruled sub silentio and we now overrule it expressly. We reaffirm our holdings in *Gilbert v. State,* supra, and *Moses v. State,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1981.

Lorenzo Brooks, *pro se.*
*Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.