69898. ARNOLD v. THE STATE.
(328 SE2d 572)

BIRDSONG, Presiding Judge.

Leonard Arnold was indicted for aggravated assault upon his mother on April 15, 1981, by choking and beating her with his fists and striking and beating her with a telephone receiver, a lamp, a plastic and metal hairdryer. He waived a jury trial and was tried before Judge Osgood Williams on June 29, 1981. In accordance with his plea, he was found not guilty by reason of insanity and was committed to Central State Hospital. OCGA § 17-7-131 (d). He has remained in the custody of the Department of Human Resources since that time.

On May 17, 1984, his counsel filed a motion for release alleging that he was no longer a danger to himself or others, and did not meet the criteria for civil commitment under OCGA § 37-3-1 (12). A hearing was held before Judge Osgood Williams on August 10, 1984. The motion was denied and petitioner brings this appeal. *Held*:

"Under Code § 38-118 [now OCGA § 24-4-21], there is a presumption of the continued existence of a mental state once proved to exist. Accordingly, it has been held in *Pennewell v. State*, 148 Ga. App. 611 (1) (251 SE2d 832) (1979); *Pitts v. State*, 151 Ga. App. 691 (261 SE2d 435) (1979) . . . that where a defendant who has been acquitted of a crime by reason of insanity is ordered committed to a mental hospital under Code Ann. § 27-1503 (a) [now OCGA § 17-7-131 (e)] and files an application for release under Code Ann. § 27-1503 (b) [now OCGA § 17-7-131 (f)], there is a continuing presumption of insanity at the time of the release hearing." *Clark v. State*, 245 Ga. 629, 631 (266 SE2d 466).

This application for release was made to the committing court and the burden of proof was upon the applicant. OCGA § 17-7-131 (f). The hearing was before the judge alone who acted as the finder of fact. OCGA § 17-7-131 (f) (3). As a finder of fact, he is "not bound by the opinions of either lay witnesses or expert witnesses as to the ques-

tion of sanity and . . . may rely on the basic presumption existing under our law. . . . The [finder of fact] is free to reject expert testimony as to sanity and [may] rely on the general presumption of insanity in the instant case arising from the defendant's plea of insanity at the trial, which was a continuing presumption at the time of the hearing. *Moses v. State*, 245 Ga. 180, 181 (263 SE2d 916), U. S. cert. den. 449 U. S. 849; see also *Brooks v. State*, 247 Ga. 744, 745 (279 SE2d 649); and *Brown v. State*, 250 Ga. 66, 71 (295 SE2d 727)." *Moses v. State*, 167 Ga. App. 556, 558 (307 SE2d 35).

It was the opinion of the petitioner's expert that he was in remission following a diagnosis of paranoid schizophrenia. She added the proviso that he would have to continue his medication and not use illicit street drugs. The state produced a psychiatrist and a psychologist from Central State Hospital who observed the petitioner on a daily basis and consulted him at least once weekly. They were of the opinion that petitioner was not in remission and he remained "actively psychotic." He was currently diagnosed as "schizophrenia, chronic." The trial judge, as the finder of fact, resolved the conflict in opinions of the experts in favor of the continuing presumption of insanity. The finding of the court is supported by the evidence and is not clearly erroneous.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

Decided March 13, 1985.

*Timothy L. Barton*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul L. Howard, Jr., Richard E. Hicks, Assistant District Attorneys*, for appellee.