76070. SENIOR v. THE STATE.
(369 SE2d 49)

McMURRAY, Presiding Judge.

In 1981 appellant was found not guilty by reason of insanity of the offense of murder and was ordered committed to a hospital for the mentally ill. On September 25, 1987, appellant sought the com-

mitting court's permission to participate in a treatment plan which included his "conditional release" from the institution where he was being treated. After a hearing, the trial court denied appellant's request for "certain off-campus privileges while committed to the custody of the Department of Human Resources . . ." This appeal followed. *Held*:

In his sole enumeration of error, appellant contends the committing court erred in denying his request for off-campus privileges in light of the undisputed recommendations of the mental health care professionals at the institution where he is being treated that off-campus privileges under a gradual release program would be beneficial for appellant's treatment. This argument is without merit.

Although "a committing court has the authority to allow an insanity acquittee to pursue treatment, educational or other goals outside of the confines of the treating facility[,] . . . a committing court is [not] mandated to approve such a plan. As is the case in a petition seeking an outright release of the insanity acquittee, '(t)he (committing) court is entirely free to reject the recommendation of the staff of the institution.' *Loftin v. State*, 180 Ga. App. 613, 615 (349 SE2d 777) (1986); see also *Arnold v. State*, 173 Ga. App. 839 (328 SE2d 572) (1985)." *O'Neal v. State*, 185 Ga. App. 838, 840 (365 SE2d 894) (1988). See *Benham v. Ledbetter*, 785 F2d 1480, 1489, 1491 (11th Cir. 1986).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 18, 1988.

*Chandelle Turner*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Assistant District Attorneys*, for appellee.