### 45103. NEWMAN v. THE STATE.
(369 SE2d 902)

BELL, Justice.

The appellant, Patrick Newman, filed an interlocutory application to appeal a jury verdict finding him competent to stand trial on a murder charge. OCGA § 17-7-130. We granted the application to consider whether the trial court erred in charging the jury that a person is presumed to be sane, and whether the court erred in excluding evidence Newman offered of prior adjudications concerning his mental condition. We reverse.

On September 14, 1982, the Probate Court of Chatham County found that Newman was mentally incapacitated and incapable of taking care of his affairs. In its findings of fact the court stated that Newman "does not have the mental capacity to even understand the proceedings of the Court." The court therefore appointed a permanent guardian for Newman. See OCGA § 29-5-1.

On October 5, 1983, Newman was indicted for the murder of his brother. A Chatham County jury convicted Newman of the crime in August 1984. At trial Newman's attorney did not raise any issues concerning his mental condition. Newman's present counsel was appointed for purposes of appeal. He discovered the probate court had adjudicated Newman incompetent in 1982, and filed a motion for new trial based on trial counsel's failure to pursue any insanity or incompetency issues. The trial court granted the motion.

Thereafter, Newman filed a plea of mental incompetency to stand trial. That plea was tried in February 1987. The jury returned a verdict in Newman's favor. The trial court then transferred Newman to the Department of Human Resources (the Department) under § 17-7-130 (a). OCGA § 17-7-130 (b) requires the Department to evaluate all such persons within 90 days of the transfer, to determine whether the person is presently mentally competent to stand trial. If the person is competent, the Department discharges the person into the custody of a law enforcement officer of the jurisdiction of the court that committed the person to the Department. OCGA § 17-7-130 (e). The person returned to the court is entitled to file another plea of mental incompetency. OCGA § 17-7-130 (f).

The Department found Newman competent to stand trial and returned him to the custody of the Chatham County Superior Court. Newman then filed the plea of mental incompetency that is the subject of this appeal. At the trial of the plea, the trial court excluded evidence of the probate court's appointment of a guardian and of the

February 1987 jury verdict finding Newman incompetent to stand trial. Further, the court charged the jury that all persons are presumed to be sane. Newman objected to the exclusion of the evidence and to the charge. The jury returned a verdict finding Newman competent to stand trial. Newman then filed his application to appeal, which we granted to consider whether the court erred in excluding the above evidence and in charging the jury on the presumption of sanity.

1. We will first address the issue regarding the presumption of sanity. We conclude that *Gilbert v. State*, 235 Ga. 501 (220 SE2d 262) (1975), controls this issue.

The *Gilbert* case applied the predecessor of OCGA § 17-7-130, which was Code 1933 § 27-1502. Gilbert appealed from his conviction of armed robbery, arguing only that the trial court[1] erred in finding him sane at the time of the offense. The evidence showed that Gilbert previously had been charged with rape and had filed a special plea of insanity, contending he was not competent to stand trial for the rape.[2] The jury returned a verdict in his favor. At that time Code 1933 § 27-1502 provided that a person found incompetent to stand trial would be delivered to "Milledgeville State Hospital, there to remain until discharged in the manner prescribed by law," see *Gilbert*, supra, 235 Ga. at 501. The hospital released Gilbert after a few months, pursuant to Code Ann. § 88-506.7, as enacted by Ga. L. 1969, pp. 505, 530-531.[3] As *Gilbert* noted, that code section provided that the state hospital could release a patient who faced criminal charges to the custody of the proper peace officer when the superintendent of the state hospital found that the patient no longer met the criteria for involuntary treatment. *Gilbert*, supra, 235 Ga. at 502.

This court concluded that the jury's finding of insanity on the rape charge raised a presumption of insanity, but that Gilbert's administrative release cancelled that presumption and raised a presumption of sanity during the armed robbery trial. Id. at 501-502. Ac-

---

[1] Gilbert had waived a jury trial.

[2] Although Code 1933 § 27-1502 used the phrase "plea of insanity," a defendant's contention that he was incompetent to stand trial became known as a "special plea of insanity." The so-called "special plea of insanity," however, was a misnomer, because the issue it raised concerned the defendant's competence to stand trial, and not his sanity. Specifically, such a plea concerned the defendant's ability to comprehend the proceedings against him and his ability to assist his counsel. In contrast, a defendant's general plea of not guilty by reason of insanity concerned the defendant's ability to distinguish between right and wrong. See *Echols v. State*, 149 Ga. App. 620, 620-625 (2) (255 SE2d 92) (1979). Ga. L. 1977, pp. 1293, 1296 (now codified as OCGA § 17-7-130), amended § 27-1502, so that § 17-7-130 now more accurately refers to a defendant's contention that he is incompetent to stand trial as a plea of mental incompetency to stand trial.

[3] Ga. L. 1978, p. 1789, struck the existing Title 88, Chapter 5, in its entirety and enacted a new code chapter 88-5; the current version of former Code Ann. § 88-506.7 is located at OCGA § 37-3-85.

cord *Ross v. State*, 217 Ga. 569, 570 (1) (124 SE2d 280) (1962). See also *Brown v. State*, 250 Ga. 66, 70, fn. 2 (295 SE2d 727) (1982).

A similar situation exists in this case. The prior adjudications by the probate court and the superior court raised a presumption of mental incompetency.[4] However, Newman's administrative release by the Department under § 17-7-130 cancelled that presumption of incompetency and raised a presumption of competency. The trial court therefore correctly charged the jury on the presumption of competency.

2. With regard to whether the trial court erred in excluding evidence of the Newman's prior adjudications, we again find that the issue is controlled by *Gilbert*, supra, 235 Ga. There, we stated that although the administrative release cancelled the presumption of insanity, the prior adjudication constituted evidence tending to show Gilbert's mental condition, which the factfinder could consider. Id. at 502. We therefore conclude that the trial court erred in excluding evidence of Newman's prior adjudications. Accordingly, Newman is entitled to a new trial on the issue of his competency to stand trial.

*Judgment reversed. All the Justices concur, except, Hunt, J., not participating.*

DECIDED JULY 13, 1988 —
RECONSIDERATION DENIED JULY 29, 1988.

*Jackson & Schiavone, G. Terry Jackson,* for appellant.

*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.

---

[4] *Gilbert*, supra, 235 Ga., spoke in terms of presumptions of sanity and insanity for the reason stated in fn. 2, supra. However, because § 17-7-130 now refers to the plea as a plea of mental incompetency, we recommend that courts refer to presumptions of mental incompetency or competency, when charging on presumptions at trials on pleas of mental incompetency. Presumptions relating to a defendant's contention that he is not guilty by reason of insanity should still be referred to as presumptions of sanity or insanity.