56192. DUBOSE v. THE STATE.
56193. DEPARTMENT OF HUMAN RESOURCES v. STATE OF GEORGIA.

BELL, Chief Judge.

The appellant Dubose was found not guilty of auto theft by reason of insanity and was committed to the Georgia Regional Hospital in Atlanta as selected by the appellant Department of Human Resources. After more than thirty days of hospitalization an application on his behalf for his release was filed by the hospital authority. A hearing was held and release was denied. The appellants Dubose and the Department of Human Resources filed separate appeals from the order denying release. *Held:*

Code Ann. § 27-1503 provides that an application for release of an individual committed to a state hospital after acquittal of a criminal charge by reason of insanity may be made on the ground that he does not meet civil commitment criteria under Code Ann. § 88-507.1. The latter states that a person may be hospitalized ". . .if he is mentally ill, and he is (a) likely to injure himself or others if not hospitalized or (b) incapable of caring for his physical health and safety." The evidence at the hearing consisted of the testimony of two psychiatrists on the staff at the Georgia Regional Hospital and other documentary evidence. Both psychiatrists testified that in their opinion that while appellant was still mentally ill, as he would require further treatment on an out-patient basis in the event of release, he was not likely to injure himself or others if not hospitalized and was not incapable of caring for his physical health and safety. It was also shown that appellant has been admitted to this hospital on six occasions; that he has been convicted of motor vehicle theft on one occasion in 1973 but acquitted of this same crime by reason of insanity on two separate occasions, one in 1975 and the most recent in 1977, which resulted in this commitment. It was also shown that the 1977 auto theft involved a high-speed auto chase between appellant and police. The appellants argue that the opinion testimony of the two psychiatrists demand a finding for release. The opinion evidence does not demand this finding as the other evidence of his prior commitments and record

authorized the trial judge to find as he did that appellant still met the criteria for commitment under Code Ann. § 88-507.1.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED JUNE 27, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED NOVEMBER 7, 1978 IN CASE NO. 56193 —

*Robert M. Coker,* for appellant (Case No. 56192).

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Russell J. Parker, Assistant District Attorneys, Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General,* for appellee (Case No. 56192).

*Arthur K. Bolton, Attorney General, Carol Atha Cosgrove, Assistant Attorney General, Robert S. Stubbs, III, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Michael S. Bowers, Senior Assistant Attorney General, Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellant (Case No. 56193).

*Robert M. Coker, Russell J. Parker, Assistant District Attorney,* for appellee (Case No. 56193).