## 58402. CLARK v. THE STATE.

BANKE, Judge.

The appellant was tried for murder in December of 1977 and found not guilty by reason of insanity. He was subsequently ordered confined to a state mental hospital pursuant to Code Ann. § 27-1503 (a) (Ga. L. 1977, pp. 1293, 1295). On April 5, 1979, he filed an application for his release pursuant to Code Ann. § 27-1503 (b), alleging that he did not meet the criteria for involuntary commitment set forth in Code Ann. Chapters 88-5 and 88-25. This appeal is from the denial of that application. *Held:*

1. The trial court did not err in ruling that the burden of proof and the burden of going forth with the evidence were on the appellant. "Because of the previous adjudication finding the defendant not guilty by reason of insanity, a presumption of (the defendant's) insanity existed at the commencement of the hearing. [Cits.]" *Pennewell v. State,* 148 Ga. App. 611, 612 (251 SE2d 832) (1979). See also *Durham v. State,* 239 Ga. 697 (1), 698 (238

SE2d 334) (1977). The appellant concedes this to be the law but maintains that a person who is adjudged insane, so as to be exonerated from criminal liability for his acts, has not necessarily been adjudged "mentally ill" so as to authorize his involuntary commitment pursuant to Code Ann. § 88-501 (v) (Ga. L. 1978, pp. 1789, 1790). This contention is supported neither by authority nor by reason. Code Ann. § 88-501 (a) defines "mentally ill" as "having a disorder of thought or mood which significantly impairs judgement, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." It is self-evident that a person who is insane, i.e., who is not legally responsible for his own actions because he cannot distinguish between right and wrong, is mentally ill under this definition.

2. Although the state presented no evidence at the hearing, the appellant's own testimony and that of his physician provided ample support for the court's findings that the appellant continues to require involuntary commitment pursuant to the standard set forth in Code Ann. § 88-501 (v), supra. That Code section provides that a mentally ill person requires involuntary treatment if he "(1). . . presents a substantial risk of imminent harm to himself or others as manifested by recent overt acts or recent expressed threats of violence which present a probability of physical injury to himself or to other persons. . ."

The appellant's physician diagnosed him as having schizophrenia "in good remission." Although the witness testified on direct examination that the appellant presented no substantial risk of imminent harm to himself or others, he also testified that the appellant could have a relapse "at any time" if he neglected to take his medication. He further stated that persons suffering from the appellant's condition experienced a reluctance to take prescribed medication, particularly when not supervised, and that the appellant had refused to take his medication only two weeks previously when he (the physician) was on vacation. The appellant, testifying in his own behalf, stated that he had been placed in a mental institution on a previous occasion for treatment of hallucinations and admitted that upon his release he had discontinued

taking his medication, stating, ". . . that's how I got in trouble." The "trouble" was the killing of his grandmother.

Under the above evidence, particularly the physician's statement that the appellant had refused his medication only two weeks prior to the hearing, we cannot hold as a matter of law that the appellant no longer met the standard for involuntary confinement. Accord, *Dubose v. State,* 148 Ga. App. 9 (251 SE2d 15) (1978); *Pennewell v. State,* supra.

3. The state has moved to dismiss the appeal on the ground that the appellant recently escaped from the state mental hospital where he was confined. However, it now appears that the appellant has returned and is once again in custody. Thus, even assuming arguendo that the state's motion would otherwise have merit in a case such as this one, which does not involve a criminal conviction, no grounds currently exist to sustain it. See generally *Crane v. State,* 213 Ga. 386 (98 SE2d 903) (1957).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979 —

*Howard Sokol, Gina Bailey,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.