## 66378. GATES v. THE STATE.

McMURRAY, Presiding Judge.

On May 4, 1979, defendant was indicted for murder. He pleaded not guilty by reason of insanity and waived trial by jury. A trial was held, and the court found in favor of the general plea of insanity, finding the defendant not guilty by reason of insanity. He was thereafter confined to a state hospital or facility until the court which committed him, after due notice and hearing, should find and determine that he was no longer in need of hospitalization in accordance with OCGA § 17-7-131 (formerly Code Ann. § 27-1503 (Ga. L. 1977, pp. 1293, 1295; 1982, pp. 1476, 1477)). The order of the court was dated May 2, 1980.

On March 27, 1981, a precommitment hearing was held, and the defendant was found to meet the criteria for commitment to the care and custody of the Georgia Department of Human Resources in that he "is presently mentally ill and constitutes a substantial risk of harm to himself and others," being categorized as " 'dangerous and violent.' "

On January 10, 1983, another hearing was held to determine if the defendant met the criteria for commitment. This hearing was a continuation of that hearing commenced on November 18, 1982, in which the court considered testimony of experts and other witnesses. In its order dated January 12, 1983, the court in substance made findings of fact and conclusions of law with reference to the defendant's mental condition and based its judgment upon the totality of all of the circumstances including the trial findings as well

as the additional testimony and history of his mental condition. The court then found that the criteria for further civil commitment (now found under Chapters 3 and 4 of OCGA Title 37 (Examination, Treatment, etc., for Mental Illness; Habilitation of the Mentally Retarded Generally) (formerly Code Chapters 88-5 (Ga. L. 1978, p. 1789 et seq.) and 88-25 (Ga. L. 1978, p. 1826 et seq.)) had been met, and denied the application by the defendant that he no longer met the civil commitment criteria. The defendant appeals. *Held:*

While the defendant should be released if he no longer meets civil commitment criteria as found in OCGA § 37-3-1 (12) (Code Ann. § 88-501) (see *Clark v. State,* 245 Ga. 629, 630 (266 SE2d 466)), nevertheless the trial court did not err in denying the defendant's release here based upon the totality of all of the evidence in which the court found the defendant was still mentally ill (organic brain syndrome secondary to head trauma and habitual alcohol abuse) even if because of the controlled environment in which he had been living he was no longer subject to the alcohol abuse. The court found that if he be allowed not to live in a structured environment, in all likelihood he would renew the pattern of alcohol abuse, and if so, acts of violence may result which obviously would pose a danger to others. The court found that while the defendant could function in a structured environment and in such environment did not engage in aggressive psychotic behavior; yet, considering his medical history, the history of his behavior and functioning in society, as well as the history of the case, the criteria for civil commitment had been met. The trial court did not err in committing the defendant and in denying the application for release as the evidence did not establish that he was not mentally ill. There was still clear and convincing evidence that the defendant met the criteria for civil commitment under the totality of the evidence submitted. We cannot hold the trial court erred in failing to release him. The court applied the proper legal standard for commitment and did not apply an improper and erroneous standard. The order did not deny the defendant due process of law or the equal protection of the law or was violative of the Constitution of the United States in any wise, as under the statute (OCGA § 17-7-131 (f) (3) (formerly Code Ann. § 27-1503, supra)) a further release application may be heard after the elapse of 12 months. It cannot be said that this amounted to a sentence to life as the defendant contends. We find no merit in any of the enumerations of error with reference to the recommital of the defendant.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983.

*Robert B. Remar,* for appellant.
*Lewis R. Slaton, District Attorney, Wendy Shoob, J. Wallace Speed, H. Allen Moye, Assistant District Attorneys,* for appellee.