### 68311. POPE v. THE STATE.
(323 SE2d 268)

POPE, Judge.

In April 1980 appellant Willie Fred Pope was found not guilty by reason of insanity of robbery by intimidation and committed to Central State Hospital for treatment. In March 1981 a hearing was held pursuant to Benham v. Edwards, 501 FSupp. 1050 (N.D. Ga. 1980), to determine appellant's current mental state. Appellant was found to meet the criteria for civil commitment under Code Ann. Ch. 88-5 (now OCGA Ch. 37-3) and returned to Central State Hospital. In February and March 1983 hearings were held pursuant to appellant's written request for release as provided in OCGA § 17-7-131. This appeal arises from the trial court's order entered after the hearings denying appellant's release on the ground that he currently meets the criteria for civil commitment pursuant to OCGA Ch. 37-3. *Held*:

1. Appellant's first enumeration of error challenges the trial

court's ruling that appellant had the burden of proving that he did not presently meet the criteria for civil commitment under OCGA Ch. 37-3, rather than requiring the State to prove by clear and convincing evidence that appellant met said criteria. This contention is controlled adversely to appellant by *Clark v. State*, 245 Ga. 629, 643-46 (266 SE2d 466) (1980), in which the Supreme Court held that in release proceedings under OCGA § 17-7-131 (former Code Ann. § 27-1503) an insanity acquittee, such as appellant in the case at bar, is not denied due process and equal protection of the law by being required to bear the burden of proving his fitness for release while other persons who are civilly committed are not. The statute as amended subsequent to the *Clark* decision by Ga. L. 1982, p. 1476, now specifically provides that the burden of proof shall be upon the insanity acquittee. OCGA § 17-7-131 (f) (2). The federal cases relied upon by appellant as requiring the burden to be placed upon the State have been vacated in light of the recent United States Supreme Court decision in Jones v. United States, 463 U. S. ___ (103 SC 3043, 77 LE2d 694) (1983). See Benham v. Edwards, 678 F2d 511 (5th Cir. 1982), affg. in part 501 FSupp. 1050, supra, vacated and remanded sub nom. Ledbetter v. Benham, ___ U. S. ___ (103 SC 3565, 77 LE2d 1406), remanded to district court, 719 F2d 772 (5th Cir. 1983).

2. Appellant's second enumeration challenges the trial court's refusal to grant his release on the ground that he meets the criteria for civil commitment. There is no dispute in the record that appellant presently suffers a mental illness known as shizophrenia, undifferentiated type with paranoia features. The issue at appellant's release hearing was whether he presents a substantial risk of imminent harm to himself or to others, as manifested by either recent overt acts or recent expressed threats of violence which present a probability of physical injury to himself or to other persons, or whether he is so unable to care for his own physical health and safety as to create an imminently life-endangering crisis. See OCGA § 37-3-1 (12). Although in some conflict as to this issue, when viewed in a light most favorable to the State, the evidence of record is such that any rational trier of fact could have found that appellant failed to prove by a preponderance of the evidence (see Jones v. United States, 77 LE2d at 707, supra; see also *Brown v. State*, 250 Ga. 66 (2c) (295 SE2d 727) (1982)) that he did not meet the criteria for civil commitment. See, e.g., *Gates v. State*, 167 Ga. App. 353 (306 SE2d 411) (1983); *Pitts v. State*, 151 Ga. App. 691 (261 SE2d 435) (1979).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 16, 1984.

*James D. Clark*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.