## 75298. WILLIAMS v. THE STATE.
### (365 SE2d 141)

BIRDSONG, Chief Judge.

Pursuant to OCGA § 5-6-34, appellant appeals the judgment and order of the superior court which, subsequent to a finding of not guilty by reason of insanity, on a murder charge, determined that appellant poses a "significant risk to [the] members of the community" and directed that the appellant "remain in confinement under the supervision of the Department of Human Resources until further ordered."

Appellant was tried for the offense of felony murder. Prior to trial, he was given a court-ordered mental evaluation. Appellant was diagnosed as "suffering from Chronic Schizophrenia," and it was opined that he "was not and is not now legally sane." Subsequently, the trial court found appellant to be not guilty by reason of insanity. Pursuant to OCGA § 17-7-131, the court ordered the Department of Human Resources to take custody of appellant for a period not to exceed 30 days and to conduct the statutorily required evaluation of his present mental condition. Upon expiration of the 30-day evaluation period, the trial judge ordered a commitment hearing as prescribed by OCGA § 17-7-131 (e). It was further directed that the written evaluation report would be submitted to the court before the hearing and that a member of the evaluation team should be present to testify at the hearing.

At the hearing, a licensed clinical psychologist from the state hospital facility was present and testified; however, no evaluation report was ever filed regarding appellant's present mental condition subsequent to his acquittal of the felony murder charge. *Held:*

1. Appellant's first enumerated error is that the trial court erred in ordering the appellant to remain in confinement under the supervision of the Department of Human Resources. Specifically, appellant raises the issue whether there is "sufficient evidence to order the continued confinement of the appellant." Our review of the hearing transcript reveals ample evidence from which any rational trier of fact could conclude by the requisite standard of proof that appellant was currently mentally ill, that appellant presents a substantial risk of imminent harm to other members of the community, and that appellant should not be released from the custody of the Department of Human

Resources but should remain in confinement under their supervision until further ordered.

Under OCGA § 24-4-21 there is a presumption of continued existence of a mental state once proved to exist. Thus, where a defendant who has been acquitted of a crime by reason of insanity is ordered committed to a mental hospital under OCGA § 17-7-131 (e) and files application for release under OCGA § 17-7-131 (f), there is a continuing presumption of insanity at the time of the release hearing. See *Arnold v. State*, 173 Ga. App. 839 (328 SE2d 572). It is the previous adjudication of the trial court "finding the defendant not guilty by reason of insanity" which gives rise to this presumption (*Clark v. State*, 151 Ga. App. 853 (261 SE2d 764), affirmed 245 Ga. 629 (266 SE2d 466)), and thus the administrative act of committing defendant to a mental hospital is not needed to render the presumption viable. Accordingly, the presumption of continued insanity applies to initial commitment hearings under OCGA § 17-7-131 (e) as well as to subsequent release hearings under OCGA § 17-7-131 (f). Further, we are satisfied that such a presumption is sufficiently probative of mental illness and dangerousness to justify commitment to a mental institution without violating appellant's due process rights; see *Jones v. United States*, 463 U. S. 354 (103 SC 3043, 77 LE2d 694). Thus the presumption of continued insanity together with the testimony of the clinical psychologist established a legitimate basis for the trial court's order. See *Moses v. State*, 167 Ga. App. 556, 558 (307 SE2d 35) (burden of proof in a release hearing, in view of presumption of continued insanity is upon the applicant). C.f., *Pope v. State*, 172 Ga. App. 396 (323 SE2d 268) (it does not violate due process or equal protection to require an insanity acquittee to bear the burden of proving fitness for release).

2. Appellant's second enumerated error is that the trial court erred in failing to provide appropriate relief because of the violation of OCGA § 17-7-131 (d), which occurred because of the failure to file the statutorily required written evaluation report of appellant's present mental condition. Appellee concedes that the required written evaluation report was not filed with the court. However, we note that had the report been timely filed the trial judge in the exercise of his discretion is entirely free to ignore the recommendations of the hospital staff. *Loftin v. State*, 180 Ga. App. 613 (349 SE2d 777). While we do not believe, under the circumstances, that the statutory requirement for the report rises to the level of procedural due process, nevertheless the statute does expressly require that the report be made and tendered to the trial court and counsel. In this instance, the clinical psychologist who testified was a member of the hospital's forensic and treatment teams; however, it is not established that the opinions which she expressed at the hearing were compatible with the opinions

of the remainder of the evaluation team. In fact, the team's membership is not ascertainable in the hearing transcript. In view of the above, coupled with the issue raised as to whether appellant's release posed a substantial risk, we believe that the trial judge should have had the benefit of the OCGA § 17-7-131 (d) evaluation report prior to issuing his final judgment and order.

But, while we find that failure to render a written evaluation report is in contravention of an existing statutory requirement, we agree with the trial judge that appellant's immediate release from the state mental hospital is not the appropriate remedy at this time. Rather, we believe that the proper remedy is to direct compliance with the statute. Accordingly, the trial court shall issue an order requiring the tender of a written evaluation report as to appellant's present mental condition. The trial court shall provide the parties with a reasonable opportunity to submit additional evidence relevant to any information which may be contained in the evaluation report. The trial court shall then issue its finding and issue an appropriate judgment and order from which the appellant shall have the right to appeal as provided by law. Pending issuance of a new final judgment and order, appellant shall remain committed to the Department of Human Resources and shall be given such involuntary treatment as required by Chapter 3 of Title 37, OCGA.

*Judgment vacated and case remanded with direction. Deen, P. J., and Pope, J., concur.*

### DECIDED JANUARY 15, 1988.

*John M. Wyatt*, for appellant.

*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.